UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRIMSTONE STEAK, INC., ) <br> f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, ) <br> BIG BAD WOLF, INC. ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> DAVID RANSBURG, former Mayor & ) <br> Liquor Commissioner of the City of ) <br> Peoria, in His Individual Capacity, ) <br> ERIC TURNER, Deputy Liquor ) <br> Commissioner of the Cit of Peoria ) <br> in His Individual and Official Capacities ) <br> JIM ARDIS, present Mayor & Liquor ) <br> Commissioner of the City of Peoria, ) <br> in His Individual and Official Capacities, ) <br> SONNI WILLIAMS, Assistant ) <br> Corporation Counsel of the City of Peoria, ) <br> in Her Individual and Official Capacities, ) <br> and the CITY OF PEORIA, ) <br> a Political Subdivision of the ) <br> State of Illinois, ) <br> ) <br>     Defendants. ) | Case No. 06- <br><br> **JURY DEMAND** |

**COMPLAINT**

Now come the Plaintiffs, BRIMSTONE STEAK, INC. f/k/a BBW, Inc d/b/a Elliott's

Diner and BIG BAD WOLF, Inc. f/k/a BBW, Inc., by RICHARD L. STEAGALL, their attorney,

and complaining of the Defendants, DAVID RANSBURG, former Mayor & Liquor

Commissioner of the City of Peoria in his Individual Capacity, ERIC TURNER, Deputy Liquor

Commissioner of the Cit of Peoria, in His Individual and Official Capacities, JIM ARDIS,

present Mayor & Liquor Commissioner of the City of Peoria in his Individual and Official

Capacities, SONNI WILLIAMS, in her Individual and Official Capacities, and the CITY OF PEORIA, ILLINOIS, a Political Subdivision of the State of Illinois, for its claims state:

## I.
## Jurisdiction & Venue

1.  Jurisdiction to hear the plaintiff's claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983 under 28 U.S.C. § 1343 c).

2.  The Plaintiff corporation does business and the individual plaintiffs reside in Peoria County. The individual defendants are residents and the municipality provides government services in Peoria County, Illinois.

3.  Venue exists under 28 U.S.C. § 1391 (b). The case is assigned to the Peoria Division of the Central District of Illinois under Local Rule 40.1.

4.  The occurrence complained of occurred on the **22nd** day of **July, 2004** in the City of Peoria, County of Peoria, and State of Illinois.

## II.
## The Parties

5.  The plaintiff corporation Brimstone Steak, Inc. ("Brimstone") through a predecessor corporation BBW, Inc.operated Elliott's Diner from August, 2002 to August, 2003, a restaurant which served alcohol under a liquor license for the restaurant that had previously been Richard's Uptown at 7805 N. University Street, Peoria, Illinois. Plaintiff, Big Bad Wolf, Inc. d/b/a Elliott's operates a nude dancing cabaret on the northern parcel of the lot and building formerly 7805, now 7807 N. University, Peoria, Illinois. Plaintiff, Big Bad Wolf, Inc.("Big Bad Wolf") is joined as a necessary party.

6.Defendant, David Ransburg, is the Former Mayor & Liquor Commissioner of the City of Peoria.  At all times material, he was acting as Liquor Commissioner under color of state law.  He is sued in his Individual Capacity.

7.Defendant, Eric Turner, is the Deputy Liquor Commissioner who acted and made decisions as Liquor Commissioner of the City of Peoria pursuant to a delegation from present Mayor Ardis.  Turner acted as Deputy Liquor Commissioner on Brimstone's application. At all times material, Turner was acting as Deputy Liquor Commissioner under color of state law. He is sued in his Individual and Official Capacities.

8.Defendant, Jim Ardis, is the present Mayor and Liquor Commissioner of the City of Peoria.  At all times material, he was acting as Liquor Commissioner under color of state law. He is sued in his Individual Capacity for the damage claims and in his Official Capacity for the injunction claim.

9.Defendant, Sonni Williams, is the Assistant Corporation Counsel of the City of Peoria who was at all times material acting under color of state law in an advisory capacity to Mayor Ransburg and Ardis.  She is sued in her Individual Capacity for the damage claims and in her Official Capacity for the injunction claim.

10.Defendant, City of Peoria, Illinois, a Political Subdivision of the State of Illinois is a municipality exercising governmental powers including liquor licensing and adult use licensing.  The City is sued for its custom and policy making acts.  The City is obligated for payment of any settlement or judgment against Mayors Ransburg and Ardis under Section 9-102 of the Illinois Local Governmental Tort Immunity Act and is an indispensable party defendant on those claims. 765 ILCS 10/9-102 (2004).

III.
The Occurrence

**A.     The Events**

11.     The building and lot located at 7805-7807 N. University in Peoria has been divided into two parcels for a number of years. Richard's Uptown operated a restaurant serving liquor under a liquor license from the City of Peoria and a video store was operated from the northern portion of the building and lot. BBW, Inc. d/b/a Elliott's Diner operated a restaurant serving alcohol under license from the City of Peoria from August, 2002 to August, 2003 in the southern portion of the building in which Richard's Uptown North had operated.

12.     BBW obtained an adult use permit for nude dancing in the northern portion of the building and parcel formerly occupied by the video store. The City conditioned the adult use license for BBW on a surrender of the liquor license for the Elliott's Diner the corporation had operated in the restaurant that had formerly been called Richard's Uptown before BBW began operation of Elliott's Diner. A site approval for use of the southern part of the building was issued to BBW, Inc. for operation of a restaurant serving alcohol with the City. The City granted an adult use license to BBW for the operation of Elliott's featuring nude dancing in the norther portion of the 7805, now 7807 N. University building and lot formerly occupied by the video store and Big Bad Wolf, Inc. has operated the nude dancing cabaret as Elliott's at 7807 N. University since April 15, 2004.

13.     Brimstone was incorporated and took over the Elliott's Diner formerly operated by BBW. Big Bad Wolf, Inc. was incorporated, obtained, and used the adult use license of BBW

to operate as Elliot's featuring nude dancing. Brimstone made application for the liquor license held for the Elliott's Diner restaurant on June 24, 2004. The application complied with all existing regulations of the City of Peoria Liquor Code and Illinois Liquor Code.

14. Mayor Ransburg acting as Liquor Commissioner denied the application without a hearing and without an opportunity for submission of any deficient materials allowed by the Illinois Liquor Code on July 22, 2004 because Brimstone had an adult use license for the Elliot's cabaret on the north portion of the building.

13. The Illinois Liquor Commission reversed Mayor Ransburg's July 22, 2004 decision and directed Brimstone be allowed the opportunity to make re-submissions to cure any deficiencies in the application.

14. Deputy Liquor Commissioner Turner had the authority to act on Brimstone's application for some or all of the time after July 22, 2004.

15. Mayor Ransburg, Mayor Ardis, Deputy Liquor Commissioner Turner, and Assistant Corporation Counsel Williams knew of the requirement of the Illinois Liquor Code of an opportunity for re-submission of the application but have continued to deny that opportunity and the liquor license allowed under the City of Peoria Code with the intent to delay the opening of Elliott's Diner in the separate southern parcel of the building and the lot at 7805 N. University because of Big Bad Wolf's operation of the adult use cabaret with nude dancing on the separate northern portion of the building.

B.  **Policy Makers of the City of Peoria, Illinois**

16. The Mayor of the City of Peoria is also the Liquor Commissioner who issues and renews liquor licenses to applicants who meet the requirements of the Illinois Liquor Control

Code and the City of Peoria Code and regulates the conduct of liquor licensees as provided by these Codes. Mayors of the City of Peoria have delegated the authority to make decisions as Liquor Commissioner to a Deputy Liquor Commissioner. The City Attorney provides legal advice to officers of the City of Peoria. Randall P. Ray delegated his authority to provide legal advice on the Brimstone liquor license application to Sonni Williams, Assistant Corporation Counsel.

17. The denial of the liquor license of Brimstone for Elliott's Diner and the opportunity to make supplements to the application to cure any deficiencies alleged in Part III A is the policy of the City of Peoria, Illinois acting at various times through Mayor Ransburg, Deputy Liquor Commissioner Turner, Mayor Ardis acting under the advice of Assistant Corporation Counsel Williams.

## IV.
## Plaintiff's Claims

18. There was in full force and effect the following constitutional provisions and statutes of the United States, namely:

**Constitution of the United States**

**Amendment [I[**

**Freedom of religion, speech, and press; peaceful assemblage, petition of grievances**

Congress shall make no law .. .. abridging the freedom of speech ..

**Amendment [XIV]**

**§ 1    Citizenship rights not to be abridged by states**

... nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within the jurisdiction the equal protection of the laws.

**Civil Rights Act of 1871, 42 U.S.C. § 1983**

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...

19.     Mayor Ransburg, Deputy Liquor Commissioner Turner, and Mayor Ardis acting under color of state law acting as alleged in Part III A on the advice of Assistant Corporation Counsel Williams under color of state law as the policy making agents of the City of Peoria as specifically alleged in Part III B in refusing Brimstone to obtain the liquor license BBW had when it operated Elliott's Diner were motivated by Big Bad Wolf's display of nude dancing in the northern separate portion of the building at 7807 N. University, Peoria, Illinois in deprivation of Big Bad Wolf's right of free speech and Brimstone's right of association guaranteed by the First Amendment made applicable to state action by the guaranty of due process of law of the Fourteenth Amendment.

20.     Mayor Ransburg, Deputy Liquor Commissioner Turner, and Mayor Ardis under color of state law acting as alleged in Part III A on the advice of Assistant Corporation Counsel Williams under color of state law as the policy making agents of the City of Peoria as specifically alleged in Part III B have delayed the hearing on Brimstone's application for liquor license with

additional submissions for Elliott's Diner, a property right as this stage of the proceedings under Illinois law in deprivation of Brimstone's right to procedural due process of law guaranteed by the Fourteenth Amendment.

21. Mayor Ransburg, Deputy Liquor Commissioner Tuner, and Mayor Ardis under color of state law acting as alleged in Part III A on the advice of Assistant Corporation Counsel Williams under color of state law as the policy making agents as specifically alleged in Part III B have denied Brimstone the liquor license under which BBW operated Elliott's Diner and the previous licensee had operated Richard's Uptown in the southern portion of the building at 7805 N. University intentionally have treated Brimstone's application for a liquor license differently from those similarly situated without any rational basis for the differing treatment given Brimstone's application in deprivation of Brimstone's right to equal protection of the laws guaranteed by the Fourteenth Amendment.

V.
**Plaintiff's Remedies**

22. As a direct and proximate result of one or more of the deprivations of Brimstone's constitutional rights by defendants alleged above, Brimstone has been denied the opportunity to conduct a profitable retail restaurant business with alcoholic beverages to its damage causing it to lose profits in the net amount of $14,400 per month for the 24 month period it has been denied operation of the Elliott's Diner restaurant through July 1, 2006 totaling $345,600 accruing at the rate of $14,400 a month with interest on the balance of such lost profits for the period Brimstone has been denied those profits it would have otherwise acquired had it not been for the deprivations; further, Brimstone has also been forced to expend attorney's fees in an effort to

obtain the liquor license to which it is entitled..

23.   As a direct and proximate result of the deprivations of Big Bad Wolf's constitutional rights, Big Bad Wolf has suffered a decline in business and lost profits which exist, but have to be calculated.

24.   The deprivations of the constitutional rights of Brimstone are ongoing. The remedy at law for ongoing deprivations of constitutional rights is inadequate entitling plaintiff to an injunction directing defendant, Mayor Ardis in his Official Capacity and Deputy Commissioner Turner in his Official Capacity, to issue the liquor license to Brimstone, defendant Williams in her Official Capacity to advise the Mayor and City of Peoria to issue the liquor license forthwith and an injunction against the City of Peoria directing it to issue the liquor license to Brimstone.

25.   Brimstone has incurred attorney's fees and expenses in the prosecution of this action for which it is entitled to an award as a prevailing plaintiff as a part of costs under 42 U.S.C. § 1988.

## VI.
## Prayer for Relief

**WHEREFORE,** Plaintiff, BRIMSTONE STEAK, INC. f/k/a BBW, Inc and BIG BAD WOLF, INC., prays for judgment in its favor in the following particulars:

1.   An award of damages in favor of Plaintiff, BRIMSTONE STEAK, INC. f/k/a BBW, Inc in the amount of THREE HUNDRED FORTY FIVE THOUSAND SIX HUNDRED DOLLARS ($345,600) through July 1, 2006 accruing at the rate of $14,400 per month plus interest on the outstanding balance per month jointly and severally against the Defendants, DAVID RANSBURG, former Mayor & Liquor Commissioner of the City of Peoria in his Individual Capacity, JIM ARDIS, present Mayor & Liquor Commissioner of the City of Peoria in his Individual Capacity, ERIC TURNER, Deputy Liquor Commissioner in his Individual

       Capacity, SONNI WILLIAMS, in her Official Capacity, and the CITY OF PEORIA, ILLINOIS, a Political Subdivision of the State of Illinois.

2. An award of damages in favor of Plaintiff, BIG BAD WOLF, INC. in the amount of lost profits it has suffered jointly and severally against the Defendants, DAVID RANSBURG, former Mayor & Liquor Commissioner of the City of Peoria in his Individual Capacity, JIM ARDIS, present Mayor & Liquor Commissioner of the City of Peoria in his Individual Capacity, ERIC TURNER, Deputy Liquor Commissioner in his Individual Capacity, SONNI WILLIAMS, in her Official Capacity, and the CITY OF PEORIA, ILLINOIS, a Political Subdivision of the State of Illinois.

3. A mandatory injunction in favor of Plaintiff, BRIMSTONE STEAK, INC. f/k/a BBW, Inc., against Defendants, JIM ARDIS, present Mayor & Liquor Commissioner of the City of Peoria in his Official Capacity, ERIC TUNER, Deputy Liquor Commissioner of the City of Peoria in her Official Capacity, SONNI WILLIAMS, in her Official Capacity, and the CITY OF PEORIA, ILLINOIS, a Political Subdivision of the State of Illinois, directing the issuance of the liquor license to Plaintiff forthwith.

3. An award of the amount of attorney's fees and expenses incurred by Plaintiffs, BRIMSTONE STEAK, INC. f/k/a BBW, Inc and BIG BAD WOLF, INC., in prosecuting this action as a part of costs under 42 U.S.C. § 1988.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

                                      BRIMSTONE STEAK, INC. f/k/a BBW, Inc. d/b/a Elliott's Diner, and BIG BAD WOLF, INC., Plaintiffs

                                      By:  s/Richard L. Steagall
                                      RICHARD L. STEAGALL, one of their attorneys

| | |
|---|---|
| RICHARD L. STEAGALL<br>Nicoara & Steagall<br>416 Main Street, Suite 815<br>Commerce Building<br>Peoria, IL 61602-1103<br>Tel (309) 674-6085<br>E-mail: nicsteag@mtco.com | GARY L. MORRIS<br>Attorney at Law<br>411 Hamilton Boulevard, Suite 1512<br>Peoria, IL 61602<br>Telephone (309)<br>E-mail:glmorris@sbcglobal.net |

JS 44 (Rev. 11/04)                                           **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRIMSTONE STEAK, INC. f/k/a BBW, Inc. d/b/a Elliott's Diner & BIG BAD WOLF, INC.

### DEFENDANTS
DAVID RANSBURG, et al (See Attached)

(b) County of Residence of First Listed Plaintiff **Peoria**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Peoria**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard L. Steagall, Nicoara & Steagall, 416 Main Street, Suite 815, Commerce Building, Peoria, IL 61602-1103; (309) 674-6085; E-mai: nicsteag@mtco.com

Attorneys (If Known)
Co-Counsel for Pltf; Gary L. Morris, Attorney at Law, 411 N. Hamilton Boulevard, Suite 1512, Peoria, IL 61602; (309) 676-1594; E-mail: glmorris@sbcglobal.net

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 555 Prison Condition | | | | |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C. § 1983**
Brief description of cause:
**Procedural process, First Amendment, and equal protection for denial of liquor license**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $346,600
CHECK YES only if demanded in **JURY** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| July 24, 2006 | s/ Richard L. Steagall |

**FOR OFFICE USE ONLY**

RECEIPT _____ AMOU _____ APPLYING _____ JUDGE _____ MAG. _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**ATTACHMENT TO CIVIL COVER SHEET**

*Brimstone Steak, Inc. & Big Bad Wolf, Inc. f/k/a BBW, Inc., Plaintiffs*
*v. David Ransburg, et al, Defendants:*

Named Defendants:

DAVID RANSBURG, former Mayor &
Liquor Commissioner of the City of
Peoria, in His Individual Capacity,

ERIC TURNER, Deputy Liquor
Commissioner of the City of Peoria
in his Individual and Official Capacities

JIM ARDIS, present Mayor & Liquor
Commissioner of the City of Peoria,
in His Individual and Official Capacities,

SONNI WILLIAMS, Assistant
Corporation Counsel of the City of Peoria,
in Her Individual and Official Capacities,

CITY OF PEORIA, ILLINOIS
a Political Subdivision of the
State of Illinois,