UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BRIMSTONE STEAK, INC., )
f/k/a BBW, INC.. d/b/a ELLIOT'S DINER, )
BIG BAD WOLF, INC. )
                            Plaintiff, )
            v. )         Case No. 06-1187

DAVID RANSBURG, former Mayor & )
Liquor Commissioner of the City of )
Peoria, in His Individual Capacity, )
ERIC TURNER, Deputy Liquor )
Commissioner of the City of Peoria )
in His Individual and Official Capacities, )
JIM ARDIS, present Mayor & Liquor )
Commissioner of the City of Peoria, )
in His Individual and Official Capacities, )
SONNI WILLIAMS, Assistant Corporation )
Counsel of the City of Peoria, in Her )
Individual and Official Capacities, and )
the CITY OF PEORIA, A Political Subdivision )
of the State of Illinois, )
                           Defendants. )

## ANSWER TO COMPLAINT

Now come Defendants DAVID RANSBURG in his individual capacity, ERIC TURNER in his individual and official capacity, JIM ARDIS in his individual and official capacity, SONNI WILLIAMS in her official capacity (Sonni Williams not having been served with process in her individual capacity.), and the CITY OF PEORIA by their attorney CORPORATION COUNSEL RANDALL RAY, and for their Answer to the above-captioned Complaint state as follows:

    1.    These Defendants admit the allegations of Paragraph 1.

    2.    These Defendants admit the allegations of Paragraph 2, with the exception that these Defendants lack sufficient knowledge to determine where individual plaintiffs reside, nor do these Defendant's know who is meant by individual Plaintiffs.

    3.    These Defendants admit the allegations of Paragraph 3.

4. These Defendants admit that Mayor Ransburg's letter denying the Plaintiff's Application for a Liquor License is dated July 22, 2004, and further admit that the occurrence complained of occurred on the 22nd of July, 2004 in the City of Peoria, Illinois.

5. These Defendants deny that Plaintiff Corporation could have operated a diner through a predecessor corporation. These Defendants further deny that the predecessor corporation BBW, Inc. operated Elliott's Diner from August 2002 to August 2003, and affirmatively state that the predecessor corporation closed Elliott's Diner or Richard's Uptown sometime in May 2003. Defendants admit that the predecessor corporation had a liquor license for a restaurant that had previously been Richard's Uptown. These Defendants admit that Plaintiff Big Bad Wolf, Inc., doing business as Elliott's, operates a nude dancing cabaret on the northern parcel of the lot in and building 7805 N. University, now 7807 N. University. These Defendants deny that Big Bad Wolf is a necessary party.

6. These Defendants admit that Defendant David Ransburg is the former Mayor and Liquor Commissioner of the City of Peoria. These Defendants further affirmatively state that he was Mayor until May 3, 2005. These Defendants admit that he was acting as Liquor Commissioner under color of State law and admit that he is sued in his individual capacity.

7. These Defendants admit that Defendant Eric Turner is the Deputy Local Liquor Commissioner pursuant to a delegation from present Mayor Ardis, and affirmatively state that Mayor Ardis became Mayor on May 3, 2005. These Defendants specifically deny that Eric Turner acted and made decisions on the Plaintiff's application for a liquor license. These Defendants deny that Turner acted as Deputy Liquor Commissioner on Brimstone's application. These Defendants deny that Turner was acting as Deputy Liquor Commissioner at all times material and affirmatively assert that he did not act at all in that capacity with regard to the Plaintiff's application. These Defendants admit that any action by Turner as Deputy Liquor Commissioner is under color of State law. These Defendants admit that Turner is sued in his

individual capacity and affirmatively state that suing him in his official capacity is redundant. (See Motion to Dismiss.)

8. These Defendants admit that Defendant Jim Ardis is the present Mayor and Liquor Commissioner of the City of Peoria. These Defendants deny that all times material he was acting as Liquor Commissioner under color of State law and affirmatively state that Defendant Ardis became Mayor and Liquor Commissioner on May 3, 2005. These Defendants admit that Ardis is sued in his individual capacity and affirmatively assert that suing him in his official capacity is redundant. (See Motion to Dismiss.)

9. These Defendants admit that the allegations of Paragraph 9 and affirmatively state that suing Assistant Corporation Counsel Sonni Williams in her official capacity is redundant to the action against the City of Peoria.

10. These Defendants admit that the City of Peoria is a municipal corporation according to the laws of the State of Illinois and that it is a municipality exercising governmental powers including liquor licensing and sexually oriented adult business licensing. These Defendants deny that the City of Peoria is a political subdivision of the State of Illinois. These Defendants deny that the City has a custom and a policy making it liable in this litigation. The City admits that it is liable to pay any settlement or judgment against the Mayors under Section 9-102 of the Illinois Tort Immunity Act, which is incorrectly cited as 765 ILCS 10/9-102 and is correctly cited as 745 ILCS 10/9-102. These Defendants deny that the City of Peoria is an indispensable party as a result of that Section of the Tort Immunity Act.

11. Without knowing what is meant by a number of years, these Defendants, lacking sufficient knowledge, are unable to form an answer to the allegation that the building and lot located at 7805-7807 N. University in Peoria has been divided into two parcels for a number of years and affirmatively state that the records of its Department of Planning and Growth Management indicate that the parcel and building were subdivided by a recording of a subdivision plat of Mr. J's subdivision in the Recorder's Office of Peoria County, Illinois on July

3, 2003. These Defendants admit that Richard's Uptown operated a restaurant serving liquor under a liquor license from the City of Peoria and affirmatively state that the liquor license file of the City Clerk indicates that Richard's Uptown occupied the entire building. These Defendants have no knowledge of any video store being operated from the northern portion of the building and lot and therefore lack sufficient information to admit or deny said allegation. These Defendants deny that BBW, Inc. doing business as Elliott's Diner operated a restaurant serving alcohol under license from the City of Peoria from August 2002 to August 2003 and affirmatively state that the restaurant which had been known as Richard's Uptown North ceased doing business sometime in May, 2003,

12.    These Defendants admit BBW, Inc. obtained an adult use permit for nude dancing in the northern portion of the building and deny that the parcel was the same as the portion occupied by any video store. The City admits that surrender of the liquor license for Elliott's Diner would have been a requirement for the issuance of an adult use license. These Defendants deny that any site approval for use of the southern part of the building was issued to BBW, Inc. for operation of a restaurant serving alcohol with the City. This Defendant admits that it granted an adult use license to BBW, Inc. for operation of a adult use featuring nude dances in the northern portion of the 7805 now 7807 N. University building and lot. The files of the Planning and Inspection Departments of the City of Peoria reflect that a new dividing wall was built at the time the adult business license was issued. These Defendants therefore deny that the sexually oriented adult business occupied the same portion of the building as any predecessor video store. These Defendants admit that Big Bad Wolf has operated a nude dancing cabaret operating as Elliott's at 7807 N. University since April 15, 2004.

13.    (1st No. 13) These Defendants lack sufficient knowledge of the allegations that Brimstone was incorporated and took over Elliott's Diner formerly operated by BBW. These Defendants admit that Brimstone made application for a liquor license for Elliott's Diner

restaurant on June 24, 2004.  These Defendants deny that the application indicated that it satisfied all the requirements for issuance of a liquor license by the City of Peoria.

14.    (1st No. 14)   These Defendants admit that Mayor Ransburg acting as Liquor Commissioner denied the application by an Order dated July 22, 2004.  These Defendants specifically deny that the Illinois Liquor Code allows for a hearing or an opportunity for submission of any deficient materials.  These Defendants attach Mayor Ransburg's Order dated July 22, 2004 hereto as Exhibit A and suggest that it speaks for itself and object to the improper paraphrasing by the Plaintiff.

13.    (2nd No. 13)   These Defendants admit that the Illinois Liquor Commission, by an Order dated February 18, 2005, entered an Order which, among other things, reversed and remanded "to permit the applicant to present additional/supplemental information to the local liquor commissioner so that the local liquor commissioner may reconsider the application." These Defendants further affirmatively state that said Order included the following language:

"THIS IS A FINAL ORDER FOR PURPOSES OF ADMINISTRATIVE REVIEW."

and further affirmatively state that, in fact, the Defendant City of Peoria exercised its right to seek a rehearing of that Order, and after denial of that rehearing, which also provided language that it was a final order for purposes of administrative review, subsequently filed an action for administrative review in the Circuit Court of the Tenth Judicial Circuit of Illinois, Peoria County, Case No. 05-MR-279.

14.    (2nd No. 14)    These Defendants deny the allegations of Paragraph 14 and affirmatively state that Deputy Liquor Commissioner Turner had only such authority as was delegated to him by the Liquor Commissioner to act on Brimstone's application.

15.    These Defendants deny that Major Ransburg, Ardis, Deputy Liquor Commissioner Turner and Assistant Corporation Counsel Williams knew of the requirement of the Illinois Liquor Code of an opportunity for resubmission of the application and affirmatively state that the Illinois Liquor Code contains no such language.  These Defendants deny that they

have continued to deny the opportunity to submit materials and deny that any liquor license for Plaintiff was allowed under the City of Peoria Code and further deny that their intent was to delay the opening of Elliott's Diner in the separate southern parcel of the building and lot at 7805 N. University and affirmatively state that any denial was consistent with the Code of the City of Peoria.

16.   These Defendants admit that the Mayor of the City of Peoria is also the Liquor Commissioner who issues and renews liquor licenses to applicants who meet requirements of the Illinois Liquor Control Code and the City of Peoria Code and rules on conduct of liquor licensees as provided by these Codes.  These Defendants deny that the Mayor "regulates" the conduct of liquor licensees.  These Defendants admit that the Mayors of the City of Peoria have delegated authority to make decisions as Liquor Commissioner to a Deputy Liquor Commissioner, but deny that they have done so in the instant matter.  These Defendants admit that the City Attorney provides legal advice to officers of the City of Peoria.  These Defendants admit that Sonni Williams was assigned to provide legal advice and handle certain matters regarding the Brimstone liquor license application, but deny that Randall Ray delegated all of his authority to Sonni Williams.

17.   These Defendants deny the allegations in Paragraph 17.

18.   These Defendants admit the allegations in Paragraph 18, but affirmatively deny that Plaintiff's rights have been violated or that Plaintiff that has standing to raise any violation of these issues.

19.   These Defendants deny the allegations in Paragraph 19.

20.   These Defendants deny the allegations in Paragraph 20.

21.   These Defendants deny the allegations in Paragraph 21.

22.   These Defendants deny the allegations in Paragraph 22.

23.   These Defendants deny the allegations in Paragraph 23.

24.   These Defendants deny the allegations in Paragraph 24.

25. These Defendants deny the allegations in Paragraph 25.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, these Defendants state as follows:

1. Defendants Ransburg, Ardis and Turner, as local Liquor Commissioners and Deputy Liquor Commissioner, allege that they are entitled to absolute judicial immunity.

2. Plaintiff Brimstone lacks standing to raise First Amendment free speech impairment as a result of Plaintiff BBW's First Amendment protected activities.

3. Plaintiff BBW lacks standing to claim damages for the non-issuance of a liquor license to Plaintiff Brimstone.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed.

Respectfully submitted,
David Ransburg, Eric Turner, Jim Ardis,
Sonni Williams in her Official Capacity,
and the City of Peoria, Defendants


By____/s/ Randall Ray_____
Corporation Counsel

CITY OF PEORIA
Office of Corporation Counsel
Randall Ray  #2226
419 Fulton, Suite 207
Peoria, IL  61602
PH:  (309) 494-8592
Fax:  (309) 494-8559
email:  rray@ci.peoria.il.us

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 6, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

   Richard L. Steagall
   Nicorara & Steagalll
   416 Main, Suite 815
   Peoria, IL  61602-1103
   PH:  (309) 674-6084
   nicsteag@mtco.com

   Gary L. Morris
   Attorney at Law
   411 Hamilton Blvd., Suite 1512
   Peoria, IL  61602
   glmorris@sbcglobal.net


        /s/ Randall Ray
        RANDALL RAY
        CORPORATION COUNSEL
        Attorney for Defendants

## BEFORE THE LIQUOR CONTROL COMMISSIONER
## PEORIA, ILLINOIS

TO:   Brimstone Steak, Inc.
      d/b/a Elliott's Cabaret Diner
      7805 N. University
      Peoria, IL

RE: Application for Class B restaurant with Sub-class 1A (2 a.m.) and 2 (live entertainment)

## ORDER

In my capacity as Liquor Control Commissioner, I am authorized to issue or deny any local liquor license pursuant to section 3-29 of the Code of the City of Peoria and 235 ILCS 5/4-4. Based upon the information contained in the application and records contained in the City of Peoria, I consider and state the following findings:

FINDINGS:

1. The application for liquor license for the site located at 7805 N. University is for a site that lacks site approval for the retail sale of alcoholic liquors because the site was not open for the regular conduct of the business of the retail sale of alcoholic liquors for a period of more than twelve (12) months prior to the date of the application. The business was closed several months prior to the surrendering of the liquor license in August, 2003. In support of this proposition:

   a. The records contained in the City's Finance Department indicate that the prior business at this site, B.B.W. Inc., d/b/a Richards Uptown, (a business that you co-owned) originally filed and reported tax returns indicating no sale of alcohol starting the month of June 2003.

   b. The records contained in the City's Finance Department also indicate that the business at this site, Richards Uptown, filed amended tax return on June 11, 2004, for just the month of August 2003, showing minimal sale of alcoholic beverage.

   The tax returns indicate that the *regular conduct of the business of the retail sale of alcoholic liquors* under that particular class of business ceased in May 2003; therefore by the date of filing of this application, June 24, 2004, the site had lost its site approval for retail sale of alcohol due to a lapse of more than 12 months of *regular conduct of the business of the retail sale of alcoholic liquors* under that particular class of business. Even in considering the amended tax returns as true and accurate, the returns show that the *regular* conduct of the business had ceased starting in May 2003 when there was a substantial and significant decline of any sale of alcohol. Therefore to the date of filing of this application, the site has lost its site approval for retail sale of alcohol. You may choose to apply for site approval for this site.

2. The application for liquor license for the site located at 7805 N. University is located in a *building or structure* containing a sexually orientated adult use business, Elliott's Cabaret (which you also own and operate), with the address of 7807 N. University, which is prohibited in section 18-53(a)(4) of the Code of the City of Peoria. Although the two businesses are in

Exhibit A

two different zoned lots, section 18-53(a)(4) specifically contains the words, *building or structure*, and does not delineate the prohibition by zoned lots. You may choose to apply for site approval for this site located at 7805 N. University upon the surrender the adult use license for the business located at 7807 N. University and located in the same building.

IT IS HEREBY ORDERED:

Based upon the above-stated reasons, I hereby deny the liquor application filed by for a Class B restaurant with Sub-class 1A (2 a.m.) and 2 (live entertainment), Brimstone Steak, Inc., d/b/a Elliott's Cabaret Diner, located at 7805 N. University, Peoria, IL.

The decision may be appealed to the State of Illinois Liquor Commission in writing within twenty (20) days of receiving this order, pursuant to 235 ILCS 5/7-9.

_David P Ransburg_    / 7/22/04
David Ransburg, Liquor Commissioner    / Date

I served a copy of this ORDER upon Brimstone Steak, Inc., d/b/a Elliott's Cabaret Diner, located at 7805 N. University, Peoria, IL., by enclosing said document in a prepaid postage envelope and depositing in the U.S. Mail to the President of Brimstone Steak, Inc., Scott Wood, at his address of 829 Cooper, Peoria, IL 61606 _____ on the 22 day of July, 2004.