E-FILED
Wednesday, 06 September, 2006  01:57:22 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| BRIMSTONE STEAK, INC.,<br>f/k/a BBW, INC.. d/b/a ELLIOT'S DINER,<br>BIG BAD WOLF, INC.<br><br>Plaintiff,<br><br>v.<br><br>DAVID RANSBURG, former Mayor &<br>Liquor  Commissioner of the City of<br>Peoria, in His Individual Capacity,<br>ERIC TURNER, Deputy Liquor<br>Commissioner of the City of Peoria<br>in His Individual and Official Capacities,<br>JIM ARDIS, present Mayor & Liquor<br>Commissioner of the City of Peoria,<br>in His Individual and Official Capacities,<br>SONNI WILLIAMS, Assistant Corporation<br>Counsel of the City of Peoria, in Her<br>Individual and Official Capacities, and<br>the CITY OF PEORIA , A Political Subdivision<br>of the State of Illinois,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-1187<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, IN THE ALTERNATIVE, TO ABSTAIN IN LIGHT OF PENDING PARALLEL STATE PROCEEDINGS

### Defendants Ardis, Turner and Williams in Their Official Capacities - Redundancy

Official capacity complaints against officials of a local government are deemed to be suits against the local government itself, *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). Plaintiffs have sued the City of Peoria in its own name and have attempted to include Defendants Turner, Ardis and Williams in their official capacities.  Their inclusion in their official capacity is therefore redundant and unnecessary, *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987).  Accordingly, all of Plaintiff's claims against Defendants Turner, Ardis and Williams in their official capacities should be dismissed.

If this Court deems it necessary to retain jurisdiction over a Defendant in his official capacity so that it can issue injunctive relief, then only Defendant Ardis is required to be enjoined to issue a liquor license. There is no basis to allege that a Deputy Liquor Commissioner or an Assistant Corporation Counsel would be the subject of an affirmative injunction requiring issuance of a liquor license.

### Defendants Ransburg, Ardis and Turner – Absolute Immunity

The allegations against Defendants Ransburg, Turner and Ardis, though inartfully drafted, allege wrongful acts in the role as the City Liquor Commissioner. Defendant Ransburg is alleged to have been the Liquor Commissioner at all times material, as is Defendant Jim Ardis (paragraphs 6 & 8). The Mayor of Peoria is the Liquor Commissioner and it an appropriate subject for judicial notice that Mayor Ardis took his oath of office on May 3, 2005 and Mayor Ransburg's last day in office was that day. The state statute, 235 ILCS 5/4-2, and the Code of the City of Peoria, Section 3-29, provide that the Mayor serves as the Local Liquor Commissioner. Defendant Eric Turner is alleged to be the Deputy Liquor Commissioner at all times material which is provided for in the state statute, 235 ILCS 5/4-3, and by local ordinance, Section 3-29(b)(7).

The only clear allegation is found in the first paragraph 14 of the Complaint in that Mayor Ransburg acting as Liquor Commissioner denied the application by letter dated July 22, 2004. The allegations against Turner and Ardis, found in the second paragraph 14 and paragraph 15 of the Complaint, allege authority to act for some or all the time after July 22, 2004 and continuing to deny an opportunity for resubmission of an application.

235 ILCS 5/4-4 sets forth the powers of Local Liquor Control Commissioner. Among other things, that power includes:

> "1.    To grant and or suspend for not more than thirty days or revoke for
> cause all local licenses issued to persons for premises within his jurisdiction;"

Similarly, Section 3-29(b)(2) of the Code of the City of Peoria provides the Mayor, as Local Liquor Control Commissioner, with the same authority to grant or to suspend liquor licenses. Although the Complaint is extremely ambiguous, it is nevertheless apparent that any and all allegations against Ransburg, Ardis and Turner arise out of their position as Local Liquor Control Commissioner or Deputy Liquor Control Commissioner.

The Seventh Circuit Court of Appeals has recently reaffirmed that Illinois Local Liquor Commissioners are entitled to absolute judicial immunity.  In *Killinger v. Port Byron,* 389 F.3d 765 (7th Cir. 2004), the Seventh Circuit held that a Local Liquor Control Commissioner's decision to suspend a license, impose a fine or summarily close a licensee's business is shielded by absolute judicial immunity which shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their civil functions, *Killinger,* 770.  The *Killinger* decision relied upon *Reed v. Village of Shorewood*, 704 F.2d 943, 951 (7th Cir. 1983).  *Reed* involved renewal of a liquor license.  While the current allegation appears to relate to granting new licenses, the functional analysis found in *Killinger* and *Reed* still applies.  The Local Liquor Commissioner is acting in a quasi-judicial capacity and just as he is entitled to absolute judicial immunity in non-renewal or revocation cases, he is entitled to absolute immunity in considering new applications.

Significantly, the Courts in *Killinger* and *Reed* were considering the same powers and duties of local liquor commissioners under the Illinois Liquor Control Act of 1934, 235 ILCS 5. Just as in the case of emergency suspensions, as was the case in *Killinger*, and renewal as in *Reed*, the local liquor commissioner in considering a new application must do so based upon the authority conferred and the limits imposed by law.  It is the local liquor commissioner's duty to assure that an applicant for a liquor license satisfies all the criteria for issuance of a license. *Killinger* citing *Reed* states as follows:

"Our conclusion in *Reed* was based upon the authority conferred and the limits

3

imposed upon a commissioner by Illinois law:

> "He may not revoke without finding that the licensee has violated the law; he may make that finding only after notice and hearing; and he 'shall reduce all evidence to writing and shall maintain an official record of the proceedings.' In addition, revocation is . . . appealable to the state Liquor Control Commission." *Killinger* at 770.

With regard to a new license applicant, the Local Liquor Commissioner must assure that all criteria are met and, just as in *Killinger* and *Reed*, his decision is reviewable by the State Liquor Control Commission. For these reasons, the Local Liquor Commissioners and Deputy Liquor Commissioner are entitled to absolute immunity.

### Claim for Damages of Big Bad Wolf, Inc.

While recognizing notice pleading as the rule in this Court, Defendants respectfully submit that they have not been put on notice of any wrong against Plaintiff Big Bad Wolf, Inc. which would entitle that entity to recover damages or other relief. Paragraph 5 states that Big Bad Wolf, Inc. is joined as a necessary party. Paragraph 12 says that BBW, Inc. obtained an adult use permit for nude dancing in the northerly portion of the building and parcel formerly occupied by the video store. It further states that Big Bad Wolf, Inc. has operated the nude dancing cabaret as Elliott's at 7807 N. University since April 15, 2004. There is no allegation of harm to Big Bad Wolf, Inc. We know of no cases which recognize relief for a neighbor of an applicant for a liquor license based on conjecture that somehow having a liquor licensee next door or in the neighborhood would somehow increase business.

42 U.S.C.A § 1983 provides for a cause of action for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ." There is no allegation and no notice of any deprivation of any rights, privileges or immunities secured by the Constitution and laws affecting Plaintiff Big Bad Wolf, Inc. Paragraph 19 alleges that the denial of Plaintiff Brimstone's liquor license was motivated by Big Bad Wolf's display of nude dancing in the northern separate portion of the building and alleges that was in deprivation of Big Bad Wolf's

4

right of free speech.    At most, it is an allegation of not being well liked.  That allegation is not sufficient, however, in light of the admission in Paragraph 12 that Big Bad Wolf, Inc. has operated the nude dancing cabaret as Elliott's at 7807 N. University since April 15, 2004.  There is no allegation of interruption of business nor can there be.  The First Amendment does not entitle one to express oneself through nude dancing and to have a liquor establishment in the southerly portion of the same building.  Even under notice pleading standards, Plaintiff Big Bad Wolf's complaint does not state a cause of action.

### Abstention – All Defendants

### Statement of Facts

1.      On June 24, 2004, the Plaintiff filed an application for a liquor license for certain premises locate within the City of Peoria.

2.      On July 22, 2004, then Mayor Ransburg, the Local Liquor Commissioner, denied that application through a written order which is attached hereto marked Exhibit A and made a part hereof.  That order cited two reasons for the denial.  One was that the prior business had not sold alcoholic liquors for more than twelve months in the regular conduct of the business, thereby causing the site approval for the site to lapse, and secondly because the proposed site was in the same building as a sexually oriented adult licensee.

3.      On August 11, 2004, the Plaintiff appealed to the State Liquor Commission from the denial of its application.  A copy of the notice of and petition for appeal is attached hereto and marked Exhibit B and made a part hereof.   There is no mention in the notice of and petition for appeal of any refusal to consider material submitted by the Plaintiff nor any allegation that Plaintiff had been refused an opportunity to submit supplemental materials.

4.      On November 9, 2004, nearly three months after the notice of appeal to the State Liquor Commissioner, the Plaintiff, through a different attorney than the one who had filed the notice of appeal, wrote a letter to the City requesting a hearing.  A copy of that letter is attached

5

hereto and marked Exhibit C and made a part hereof.  This request was the first request of any kind concerning a hearing on the record before the State Liquor Commission.

     5.     Oral arguments were heard before the State Liquor Commission on January 26, 2005.

     6.     On February 18, 2005, the State Liquor Commission issued an order, a copy of which is attached hereto marked Exhibit D and made a part hereof.  That order reversed and remanded to permit the applicant to present additional/supplemental information to the Local Liquor Commissioner so that the Local Liquor Commissioner may reconsider that application.  That order contained the following line at the bottom of the first page: "THIS IS A FINAL ORDER FOR PURPOSES OF ADMINISTRATIVE REVIEW."  Pursuant to the rules of the Illinois Liquor Commission, the City petitioned for a rehearing before the Commission which rehearing was denied by the Commission on August 23, 2005.  A copy of the order denying the petition for rehearing is attached hereto marked Exhibit E and made a part hereof.  That order also contained the following notation at the bottom of the first page: "THIS IS A FINAL ORDER FOR ADMINISTRATIVE REVIEW PURPOSES".

     7.     On September 26, 2005, Defendant City of Peoria filed a complaint for administrative review in the Circuit Court of the Tenth Judicial Circuit of Illinois, Peoria County, Case No. 05 MR 279.  Defendant requests that this court take judicial notice of that proceeding.

     8.     Finally, on August 21, 2006, the Circuit Court of the Tenth Judicial Circuit entered an order, a copy of which is marked Exhibit F attached hereto and made a part hereof.  That order found that the Illinois Liquor Commission's decision was not an administrative decision which "terminates the proceedings before the administrative agency" and therefore dismissed the complaint for administrative review.

     9.     By letter dated August 30, 2006, the Local Liquor Commissioner notified Plaintiff's attorney that the City would not be appealing the Circuit Court Order and that Plaintiff

could submit additional/supplemental information to the Local Liquor Commissioner. A copy of said letter is attached hereto marked Exhibit G and made a part hereof.

As a result of the above-described proceedings, this matter is currently before the Local Liquor Commissioner on remand from the Illinois Liquor Commission unless Defendant City of Peoria should file an appeal to the Third District Appellate Court. Should the Local Liquor Commissioner reconsider his decision in Plaintiff's favor, the proceedings would be terminated. Should the Local Liquor Commissioner upholds his decision, Plaintiff would again have the right to appeal that decision to the Illinois Liquor Commission, and from there each party would have a right to proceed in administrative review if it disagreed with the decision of the Illinois Liquor Commission.

<div align="center">

**Argument**

</div>

This Court should abstain from entertaining this parallel litigation to the above-described State proceeding on the Plaintiff's liquor license application. While abstention is not mandatory, the factors set forth in *Colorado River Water Conservation Dist. v United States*, 424 U.S. 800 (1976) and *New Orleans Public Service v Council of the City of New Orleans*, 491 U.S. 350 (1989), suggest that abstention is appropriate under the circumstances of this case. In *New Orleans Public Service*, the Supreme Court stated as follows:

> "From these cases, and others on which they relied, we have distilled the principle now commonly referred to as the '*Burford* doctrine.' Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservation Dist. v United States, supra,* at 814, *New Orleans Public Service* at 361.

The *Colorado River* abstention doctrine has recently been explained by the Seventh District Court of Appeals in the case of *Tyrer v City of South Beloit*, No. 05-1602 (August 2, 2006). The

<div align="center">

7

</div>

Court set forth a two-part inquiry with the first part being a determination of whether current State and Federal actions are actually parallel. Once that is established, then the Court must consider a number of non-exclusive factors that might demonstrate the existence of "exceptional circumstances" which would cause a Court to abstain, *Tyrer* at 10.

The parallel nature of the Plaintiff's liquor application and this action for, among other things, injunctive relief issuing a liquor license is apparent. In *Tyrer*, the Court determined that although the State and Federal suits were not identical, both actions "rely on the same factual predicate to raise substantially similar legal issues against substantially similar parties," *Tyrer* at 16. Similarly, the proceeding for a liquor license and the above-captioned Complaint are directed at Plaintiff's claimed entitlement to a liquor license. Other factors to be considered in an abstention question are whether the *res* is involved in both cases, inconvenience to the parties, the need to avoid piecemeal litigation and the order of State/Federal filings. This list was expanded by the Supreme Court in *Moses H. Cone*, 460 U.S. at 23-27, and includes, the source of governing law, State or Federal, the adequacy of State Court action to protect the Federal plaintiff's rights, relative progress of State and Federal proceedings, the presence or absence of concurrent jurisdiction, the availability of removal, and the vexatious or contrived nature of the Federal claim. Of the above factors, first and foremost is the fact that whether Plaintiff is entitled to a liquor license is a question of State law. Furthermore, whether the Plaintiff has a property right to a liquor license, thereby affecting what process is due, is also a question of State law. See *Las Fuentes, Inc. v City of Chicago*, 209 Ill. App. 3d 766, 567 N.E.2d 1093, 1096 (1st Dist. 1991).

In *Esmail v City of Naperville*, 862 F. Supp. 217 (N.D. Ill. 1994), the Court recognized, when considering abstention, "that state and local governing bodies have an important interest in regulating the sale of liquor, " *Esmail* at 221. In *Esmail*, the Court ultimately chose not to abstain because it was an action for damages only. In contrast, in this case the Plaintiff seeks

issuance of a liquor license, the effect of which would be the same as enjoining any State proceeding relative to the liquor license, thereby implicating *Younger v Harris*, 401 U.S. 37 (1971). Other factors favoring abstention in the present matter, in addition to the fact that this is a question of Illinois law, is that failure to abstain will result in piecemeal litigation, State liquor proceeding being ongoing, with the theoretical possibility of contrary results.

Finally, this Court can consider the vexatious or contrived nature of the Federal claim. This Plaintiff, an application for a liquor license, attempts to bootstrap First Amendment Free Speech Rights of its neighbor to create a Federal cause of action for denial or delay in granting a liquor license. Clearly, no standing exists for such a claim. Similarly the claim that their right of freedom of association has been breached is equally spurious.

The Plaintiff can certainly raise a claim similarly situated applicants received their licenses before the Local Liquor Commissioner and before the State Liquor Control Commission.

For the foregoing reasons, this Court should abstain from hearing the above-captioned matter until the State proceedings relative to the liquor application are terminated.

<div style="margin-left:40%">

Respectfully submitted,
David Ransburg, Eric Turner, Jim Ardis,
Sonni Williams in her Official Capacity,
and the City of Peoria, Defendants


By_____/s/ Randall Ray_____
             Corporation Counsel
</div>

CITY OF PEORIA
Office of Corporation Counsel
Randall Ray  #2226
419 Fulton, Suite 207
Peoria, IL  61602
PH:  (309) 494-8592
Fax:  (309) 494-8559
email:  rray@ci.peoria.il.us

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Richard L. Steagall
Nicorara & Steagalll
416 Main, Suite 815
Peoria, IL  61602-1103
PH:  (309) 674-6084
nicsteag@mtco.com

Gary L. Morris
Attorney at Law
411 Hamilton Blvd., Suite 1512
Peoria, IL  61602
glmorris@sbcglobal.net

/s/ Randall Ray
RANDALL RAY
CORPORATION COUNSEL
Attorney for Defendants

E-FILED
Wednesday, 06 September, 2006 01:57:53 PM
Clerk, U.S. District Court, ILCD

## BEFORE THE LIQUOR CONTROL COMMISSIONER
## PEORIA, ILLINOIS

TO:   Brimstone Steak, Inc.
      d/b/a Elliott's Cabaret Diner
      7805 N. University
      Peoria, IL

RE: Application for Class B restaurant with Sub-class 1A (2 a.m.) and 2 (live entertainment)

## ORDER

      In my capacity as Liquor Control Commissioner, I am authorized to issue or deny any local liquor license pursuant to section 3-29 of the Code of the City of Peoria and 235 ILCS 5/4-4. Based upon the information contained in the application and records contained in the City of Peoria, I consider and state the following findings:

FINDINGS:

      1.   The application for liquor license for the site located at 7805 N. University is for a site that lacks site approval for the retail sale of alcoholic liquors because the site was not open for the regular conduct of the business of the retail sale of alcoholic liquors for a period of more than twelve (12) months prior to the date of the application. The business was closed several months prior to the surrendering of the liquor license in August, 2003. In support of this proposition:

      a.   The records contained in the City's Finance Department indicate that the prior business at this site, B.B.W. Inc., d/b/a Richards Uptown, (a business that you co-owned) originally filed and reported tax returns indicating no sale of alcohol starting the month of <u>June 2003</u>.

      b.   The records contained in the City's Finance Department also indicate that the business at this site, Richards Uptown, filed amended tax return on June 11, 2004, for just the month of August 2003, showing minimal sale of alcoholic beverage.

      The tax returns indicate that the *regular conduct of the business of the retail sale of alcoholic liquors* under that particular class of business ceased in May 2003; therefore by the date of filing of this application, June 24, 2004, the site had lost its site approval for retail sale of alcohol due to a lapse of more than 12 months of *regular conduct of the business of the retail sale of alcoholic liquors* under that particular class of business. Even in considering the amended tax returns as true and accurate, the returns show that the *regular* conduct of the business had ceased starting in May 2003 when there was a substantial and significant decline of any sale of alcohol. Therefore to the date of filing of this application, the site has lost its site approval for retail sale of alcohol. You may choose to apply for site approval for this site.

      2.   The application for liquor license for the site located at 7805 N. University is located in a *building or structure* containing a sexually orientated adult use business, Elliott's Cabaret (which you also own and operate), with the address of 7807 N. University, which is prohibited in section 18-53(a)(4) of the Code of the City of Peoria. Although the two businesses are in

Exhibit A

two different zoned lots, section 18-53(a)(4) specifically contains the words, *building or structure*, and does not delineate the prohibition by zoned lots. You may choose to apply for site approval for this site located at 7805 N. University upon the surrender the adult use license for the business located at 7807 N. University and located in the same building.

IT IS HEREBY ORDERED:

Based upon the above-stated reasons, I hereby deny the liquor application filed by for a Class B restaurant with Sub-class 1A (2 a.m.) and 2 (live entertainment), Brimstone Steak, Inc., d/b/a Elliott's Cabaret Diner, located at 7805 N. University, Peoria, IL.

The decision may be appealed to the State of Illinois Liquor Commission in writing within twenty (20) days of receiving this order, pursuant to 235 ILCS 5/7-9.

David Ransburg, Liquor Commissioner    / Date    / 7/22/04

I served a copy of this ORDER upon Brimstone Steak, Inc., d/b/a Elliott's Cabaret Diner, located at 7805 N. University, Peoria, IL., by enclosing said document in a prepaid postage envelope and depositing in the U.S. Mail to the President of Brimstone Steak, Inc., Scott Wood, at his address of 829 Cooper, Peoria, IL 61606 _____ on the 22 day of July, 2004.

# C.J. Hughes
# Attorney At Law



AUG 1 3 2004



Illinois Liquor Control Commission
The James R Thompson Center
100 West Randolph Suite 5-300
Chicago, Illinois 60601


August 11, 2004


Dear Commissioners:

### Notice of and Petition for Appeal


Brimstone Steak, Inc. d/b/a Elliott's cabaret Diner does hereby file this notice of appeal from the decision of the City of Peoria liquor commission and its commissioner David Ransburg denying a license and in support thereof does state as follows:

1. This notice is filed within twenty (20) days of receiving the notice of denial of a liquor license by the City of Peoria, Illinois, its mayor and liquor commissioner David Ransburg issuing said order.
2. That a copy of said order is attached hereto.
3. Attached is a copy of the relevant section of the City of Peoria Liquor Code.
4. Said license was denied pursuant to section 18-53(a)(4) Code of the City of Peoria which is attached hereto.
5. That neither the applicant nor the site in question have been the subject of any liquor license suspension or revocation.


Yours truly,

_____
C.J. Hughes
Attorney at Law


20 N. STATE SUITE #913 CHICAGO, IL. 60602  TELEPHONE: 312.339.9963

P1
Exhibit B





*Gary L. Morris*

*Counselor at Law*

November 4, 2004

(309) 676-1594
(Fax) 676-7943
*Peoria*

(309) 827-7090
(309) 827-0818
*Bloomington*

RECEIVED

NOV 0 ? 2004

LEGAL DEPT.

Sonni Choi Williams
419 Fulton, Suite 207
Peoria City Hall
Peoria, IL 61602

IN RE: BRIMSTONE STEAKS, INC., D/B/A ELLIOT'S CABARET DINER
      7805 N. UNIVERSITY, PEORIA, IL 61615

Dear Ms. Williams:

Having just entered my appearance in the case involving the City of Peoria and the Illinois Liquor Control Commission in Case No.: 05 SA 03, I note in the file that there was no hearing prior to this appeal which is now pending. Since the City of Peoria is an "on the record" municipality, there must be a hearing at the City of Peoria, since there will be no evidentiary hearing down in Springfield before the Liquor Commission. In the Order dated July 22, 2004, the City of Peoria, by its mayor, summarily without hearing took away Brimstone Steak, Inc., site approval and denied them a liquor license. Findings were made in the Order wherein Brimstone Steak, Inc., was not allowed any input by cross examination or offering counter evidence.

Therefore, I would officially request, on behalf of my client, Brimstone Steak, Inc., a hearing on the denial of my client's request for a Class B restaurant with subclass 1A and 2 license as well as the taking away of my client's site approval for the retail sale of alcoholic liquor. Obviously, if we are to hold a hearing on the matters which are on appeal, we should delay the hearing in Springfield on the appeal. I await your response..

Sincerely,

*Gary L. Morris*

GARY L. MORRIS,
Attorney for Brimstone Steak, Inc.

GLM/sls

cc: Fred Jackson

*Associated Bank Plaza* • *411 Hamilton Boulevard* • *Peoria, Illinois 61602-1104*
*110 North Center* • *Bloomington, Illinois 61701-5002*

**Exhibit C**

RECEIVED

### STATE OF ILLINOIS
### LIQUOR CONTROL COMMISSION

FEB 2 4 2005

LEGAL DEPT.

In the Matter of:                        )
                                         )
Brimestone Steak Inc.                    )        05 SA 03
d/b/a ELLIOT'S CABARET DINER             )        ON THE RECORD
7805 North University                    )
Peoria, IL 61614                         )
                                         )

## ORDER

THIS MATTER coming to be heard for status, all parties being present and/or represented by Counsel and the Commission being fully advised on the premises:

IT IS HEREBY ORDERED:

1.    The Local Liquor Commissioner denied a Class license restaurant with sub-class 1A (2:00a.m.) and 2 (live entertainment ) liquor application filed by Brimestone Steak, d/b/a/ Elliot's Cabaret Diner, on July 22, 2004.

2.    This Commission has determined that the Applicant was denied an opportunity to submit additional /supplemental information with his application, which may have been relevant in considering his application.

3.    This matter is hereby reversed and remanded to permit  the applicant to present additional/supplement information to the Local Liquor Commissioner so that the Local Liquor Commissioner may reconsider the application.

**THIS IS A FINAL ORDER FOR PURPOSES OF ADMINISTRATIVE REVIEW**

112

Exhibit D

Pursuant to 235 ILCS Section 5/7-10 of the Illinois Liquor Control Act, a Petition for Rehearing may be filed with this Commission within twenty(20) days from service of this Order. The date of mailing is deemed to be the date of service. If the parties wish to pursue an Administrative Review action in the Circuit Court the Petition for Rehearing must be filed within twenty (20) days after service of this Order as such Petition is a jurisdictional prerequisite to the Administrative Review.

ENTERED before the Illinois Liquor Control Commission at Chicago, Illinois, on this ⟨8⟩, day of February, 2005.

Irving J. Koppel, Chairman

Don V. Adams, Commissioner

Leonard Branson, Commissioner

J. M. Hogan, Commissioner

Stephen B. Schnorf, Commissioner

Lillibeth Lopez, Commissioner

ATTEST:

Susan McNulty, Secretary

113

STATE OF ILLINOIS        )
                         ) SS,
COUNTY OF COOK           )


The undersigned certifies that the foregoing ORDER was mailed prepaid certified on the
__18__ day of February, 2005 at the United State Post Office, 100 West Randolph Street,
Chicago, Illinois 60601 addressed to: Attorney Gary L. Morris, 411 Hamilton Blvd. #1512,
Peoria, IL 61615 and mailed to Attorney Sonnie C. Williams, 419 Fulton Ste. 207, Peoria, IL
61602    and a copy to the Local Liquor Control Commissioner of Peoria, Illinois.

Certified Mail No. 7003 2260 0006 4894 4490
                                         4483

114

STATE OF ILLINOIS
LIQUOR CONTROL COMMISSION

---

In the Matter of:                        )
                                         )         No. 05 SA 03
   Brimstone Steak Inc.              )         ON THE RECORD
   d/b/a ELLIOT'S CABARET DINER      )
   7805 North University             )
   Peoria, Illinois 61614            )

---

## ORDER DENYING PETITION FOR REHEARING

THIS MATTER COMING to be heard before the Commission on the Appellant's Petition for Rehearing, all parties having filed briefs and the Commission having been duly advised,

**IT IS HEREBY ORDERED,**

    1.    This Illinois Liquor Control Commission's Order dated February 18, 2005, was proper in its determination, both in law and fact.

    2.    The Petition for Rehearing is denied.

**THIS IS A FINAL ORDER FOR ADMINISTRATIVE REVIEW PURPOSES**

You are hereby notified that you have THIRTY-FIVE (35) days from service of this Order upon you, to commence an action for Administrative Review in the Circuit Court of Illinois (735 ILCS 5/3-103). That date of mailing is deemed to be the date of service. (235 ILCS 5/7-10).

P134
Exhibit E

## ENTRY OF ORDER

**ENTERED** by the Illinois Liquor Control Commission at Chicago, Illinois on this 23 day of August, 2005.

*Irving J. Koppel*

Irving J. Koppel, Chairman

*Leonard L. Branson*

Leonard L. Branson, Commissioner

*Stephen B. Schnorf*

Stephen B. Schnorf, Commissioner

*J. M. Hogan*

J. M. Hogan, Commissioner

*John Aguilar*

John Aguilar, Commissioner

**A T T E S T :**

*Susan McNulty*

Susan McNulty, Secretary

P135

STATE OF ILLINOIS          )
                           ) SS,
COUNTY OF COOK             )


The undersigned certifies that a copy of the foregoing **ORDER** was mailed prepaid certified on August 23, 2005, at the United States Post Office, 100 West Randolph Street, Chicago, Illinois 60601; addressed to the following:


Gary L. Morris
411 Hamilton Blvd., #1512
Peoria, Illinois 61615

**Certified Mail No.** 7005 0390 0005 6011 9062


Sonnie C. Williams
419 Fulton, Ste. 207
Peoria, IL 61602

**Certified Mail No.** 7005 0390 0005 6011 9055


Local Liquor Commissioner
City of Peoria
419 Fulton St.
Peoria, Illinois 61602-1217

**Certified Mail No.** 7005 0390 0005 6011 9079


P136

# IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ILLINOIS
## PEORIA COUNTY

City of Peoria, et al.

**Plaintiff**

**CASE NO.** 05 MR 279

vs.

**Defendant**

Illinois Liquor
Commission, et al

**FILED**
ROBERT M. SPEARS

AUG 2 1 2006

**ORDER**

CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

The Court finds that the decision of the Illinois Liquor Commission to remand the case is not an administrative decision which "terminates the proceedings before the administrative agency." Therefore, pursuant to Jozefek v. Board of Trustees (1991) 211 Ill. App.3d 26 and therefore it is not not subject to judicial review at this time

The Petition for Administrative Review is therefore dismissed

A copy of this opinion shall be sent to all parties listed below so that the parties may proceed under the order of remand by the Illinois Liquor Commission. 8/17/06

c: Gary Morris
Amy Kansas
Sean Williams

**JUDGE OF THE TENTH JUDICIAL CIRCUIT**

CLERK'S COPY—WHITE
PLAINTIFF'S COPY—YELLOW
DEFENDANT'S COPY—PINK
ADDITIONAL COPY—GOLDENROD

Exhibit F
R-10-92

**ORDER**



**CITY OF PEORIA**

## OFFICE OF THE MAYOR

August 30, 2006

*Jim Ardis*
*Mayor*

Gary Morris
Attorney at Law
411 Hamilton, Suite 1512
Peoria, IL  61602

    Re:   *Your client, Brimstone Steak, Inc. d/b/a Elliot's Cabaret Diner*

Dear Mr. Morris:

By now you have received Judge Barra's opinion which was filed on August 21, 2006. The purpose of this letter is to advise you that it is not the intention of the City of Peoria to appeal Judge Barra's decision to the Fourth District Appellate Court. Accordingly, the next step in the process is to provide your client with an opportunity to present additional/supplemental information to the Local Liquor Commissioner so that the Local Liquor Commissioner may reconsider the application. See the original order of the Illinois Liquor Control Commission dated February 18, 2005.

Accordingly, we invite you to submit such supplemental materials as you wish. We think it reasonable that such a submission should come within the next 30 days, unless for some reason you need more time than that, in which case we ask that you notify us.

Sincerely,

Jim Ardis
Local Liquor Commissioner

*City Hall Building*
*419 Fulton Street*
*Peoria, Illinois 61602*
*309/494-8519*
*FAX 309/494-8559*

Exhibit G