E-FILED
Wednesday, 20 September, 2006  04:29:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| BRIMSTONE STEAK, INC.,<br>f/k/a/BBW, Inc. d/b/a/ Elliot's Diner,<br>BIG BAD WOLF, INC. | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-1187 |
| DAVID RANSBURG, former Mayor &<br>Liquor Commissioner of the City of<br>Peoria, in His Individual Capacity,<br>ERIC TURNER, Deputy Liquor<br>Commissioner of the Cit of Peoria<br>in His Individual and Official Capacities<br>JIM ARDIS, present Mayor & Liquor<br>Commissioner of the City of Peoria,<br>in His Individual and Official Capacities,<br>SONNI WILLIAMS, Assistant<br>Corporation Counsel of the City of Peoria,<br>in Her Individual and Official Capacities,<br>and the CITY OF PEORIA,<br>a Political Subdivision of the<br>State of Illinois, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND
TO DEFENDANTS' MOTION TO DISMISS TO
SEPTEMBER 29, 2006**

---

Now come the Plaintiffs, BRIMSTONE STEAK, INC. f/k/a/BBW, Inc. d/b/a/ Elliot's

Diner,  and BIG BAD WOLF, INC., by RICHARD L. STEAGALL, their attorney, and move the

court to enter the following order for the reasons set forth below:

1.       The plaintiff corporations are the operator of a restaurant and bar and an adult

cabaret who have brought this Section 1983 action.  Brimstone Steak asserts claims for

deprivation of procedural due process, the First Amendment rights association and retaliation,

and equal protection of the laws against the City of Peoria and its officers for the denial of a

liquor license that had a site approval under the Liquor Code of the City of Peoria, Illinois.

2.      Defendants have filed a motion to dismiss on the following grounds.

        A.      The individual defendants claim absolute immunity from suit.

        B.      All defendants claim the court should abstain during the pendency of a
liquor ordinance proceeding.

        C.      All defendants assert the complaint fails to state a procedural due process
claim because the site approval obtained by Brimstone and the previous
liquor license are not constitutionally protected property interests.

4.      The defendants have answered the First Amendment and equal protection claims.

5.      Defendants base their motion to dismiss for absolute immunity and lack of a

constitutionally protected property interest on a case arising from the revocation of a license by a

Mayor acting as Liquor Commission under the Illinois Liquor Control Act. 235 ILCS 5/4-1

(2004).  *Killinger v. Port Byron*, 389 F.3d 765 (7th Cir. 2004).  The City of Peoria is a home rule

municipality. Home rule units of local governments may exercise any power or function of

government unless the General Assembly limits the home rule exercise or declares its power of

regulation to be exclusive. Ill.Const, 1970, Art. 7 § 4.

6.      The City of Peoria acting under its home rule powers have provided for the

issuance of a site approval for the site for the retail sale of liquor by the City Council and Liquor

Commission. City of Peoria Code, Ch. 3, §3-92-3-95.  The Mayor issues liquor licenses to

approved sites if the applicant otherwise qualifies for a liquor license. Id, § 3-96. Site approval

for a liquor license once granted continues unless for a period of 12 months the site has not been

used for the retail sale of liquor.  *Killinger* has little, if any application to the City of Peoria home

rule liquor ordinance.

7.    Plaintiff's counsel has been required to do additional work to familiarize himself with the City of Peoria liquor ordinance scheme and its differences from the general requirements of the Illinois Liquor Code in order to properly respond to the motion.  That required consultation with the officers of his clients, co-counsel, and consultation with other counsel familiar with the City of Peoria Liquor Code.

8.    Counsel requires additional time to complete the response to the motion to dismiss and asks for an extension until Friday, September 29, 2006.  Counsel was unable to reach defense counsel on September 20, 2006  to obtain agreement for the extension as Mr. Ray was out of the office for the day on another matter and would not return until after the September 20, 2006 deadline.

**WHEREFORE,** Plaintiffs, BRIMSTONE STEAK, INC. f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, and BIG BAD WOLF, INC., pray the Court enter an Order extending the time for filing Plaintiff's Response to Defendants' Motion to Dismiss to and including September 29, 2006.

Respectfully submitted,

s/Richard L. Steagall
RICHARD L. STEAGALL,
Attorney for the Plaintiffs

3

| CERTIFICATE OF SERVICE |
|:---:|

I hereby certify that on **September 20, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Randall P. Ray
Corporate Counsel
City of Peoria
419 Fulton, Suite 207
Peoria, IL 61602

<u>s/Richard L. Steagall</u>
RICHARD L. STEAGALL
Attorney for the Plaintiff
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602
Tel:  (309) 674-6085
Fax:  (309) 674-6032
<u>nicsteag@mtco.com</u>

4