UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| BRIMSTONE STEAK, INC., <br> f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, <br> BIG BAD WOLF, INC. <br> <br> Plaintiff, <br> <br> v. <br> <br> DAVID RANSBURG, former Mayor & <br> Liquor Commissioner of the City of <br> Peoria, in His Individual Capacity, <br> ERIC TURNER, Deputy Liquor <br> Commissioner of the Cit of Peoria <br> in His Individual and Official Capacities <br> JIM ARDIS, present Mayor & Liquor <br> Commissioner of the City of Peoria, <br> in His Individual and Official Capacities, <br> SONNI WILLIAMS, Assistant <br> Corporation Counsel of the City of Peoria, <br> in Her Individual and Official Capacities, <br> and the CITY OF PEORIA, <br> a Political Subdivision of the <br> State of Illinois, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br> <br> <br> <br> <br> <br> Case No. 06-1187 |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S**
**APRIL 16, 2007 REPORT & RECOMMENDATION**

Now come the Plaintiffs, BRIMSTONE STEAK, INC., f/k/a BBW, Inc., d/b/a Elliot's

Diner, and BIG BAD WOLF, INC., by RICHARD L. STEAGALL, his attorney, and pursuant to

28 U.S.C. § 636 (b)(1), object to the April 16, 2007 Report & Recommendation of Magistrate

Judge Byron Cudmore and for such Objections state:

I.

Background

Plaintiffs are limiting this discussion to the procedural due process claim, which was the claim the Magistrate Judge recommended be dismissed. Since the Report recommended the motion to dismiss the First Amendment and equal protection claims be denied, those claims will not be addressed.

Plaintiff, Brimstone Steak, Inc., has asserted Section 1983 claims for deprivation of procedural due process against the officials of the City of Peoria. Defendants are former Mayor David Ransburg who was Liquor Commissioner who ruled on Brimstone's liquor license application, Eric Turner, Deputy Liquor Commissoner, and the present Mayor Jim Ardis who will rule on the liquor license application after reversal from the Illinois Liquor Commission, and Assistant Corporation Counsel, Sonni Williams. CmpPartII¶7-10.

The complaint alleges Mayor Ransburg, Mayor Ardis, Deputy Liquor Commissioner Turner, and Counsel Williams are the policy making agents for the City of Peoria for the issuance of liquor licenses. CmpPartIIIB:¶16-17. Plaintiff claims Ransburg, Ardis, and Turner acting on the advice of Williams as policy making agents of the City of Peoria have delayed hearing on Brimstone's application for liquor license with additional submissions which is a property right in deprivation of Brimstone's right to procedural due process of law. CmpPartIV B¶22.

## II.
## The Magistrate Judge Erred in Recommending Dismissal of the Procedural Due Process Claim Against the City of Peoria

A.     The Report's Ruling on the Procedural Due Process Claims Against the Policy Makers Individually and the City Under *Monell* for the Conduct of Those Policy Makers

Judge Cudmore has recommended the Rule 12 (b)(6) motion to dismiss of Ransburg, Ardis, Turner, and Williams be granted on the ground of absolute judicial immunity.

The Report recommends the claims against the City of Peoria for its policy makers be sustained because the City of Peoria did not move for dismissal. Report:PartIII:17-18. Judge Cudmore read the claim against the City of Peoria as based on the facial invalidity of the Peoria Municipal Code. Id at 17. The complaint specifically alleges a claim for procedural due process against the City of Peoria for the conduct of its policy makers.

> Mayor Ransburg, Deputy Liquor Commissioner Turner, and Mayor Ardis under color of state law acting as alleged in Part III A on the advice of Assistant Corporation Counsel Williams under color of state law as the policy making agents of the City of Peoria as specifically alleged in Part III B ... ... in deprivation of Brimstone's right to procedural due process of law guaranteed by the Fourteenth Amendment." Cmp:PartIVB:¶20.

The discussion of the procedural due process claims and the City of Peoria's status as a defendant does not mention a recommendation on the procedural due process claim against the City of Peoria for the conduct of its policy makers. Report:PartI-III:7-18.

However, the Report later states the only claims that survive are the First Amendment and equal protection claims in its recommendation that a stay be denied. Report:23,26. The result is the plaintiff's procedural due process claim against both the individual policy makers and the City of Peoria is dismissed if the Report is adopted.

3

**B.     The Seventh Circuit Has Held a Municipality Can Not Avail Itself of Legislative or Judicial Immunity to a Liability Under Section 1983 for an Unconstitutional Municipal Policy**

The Report did not discuss the *Monell* claim against the City of Peoria for deprivation of procedural due process. Report:PartI,II,:7-16; 23, 26.  The only ground for dismissal of that claim discussed in the Report is judicial immunity. Id.

Judicial immunity is a personal defense available to individual defendants. A municipality has no judicial or legislative immunity from  Section 1983 liability for the conduct of its policy makers under *Monell v. Department of Social Services of City of New York*. 436 U.S. 658, 691-94, 98 S.Ct. 2018 (1978). *Reed v. Village of Shoreham*, 704 F.2d 943, 953 (7th Cir. 1983).

The *Reed* plaintiff complained of the Village's reduction of the number of Class A liquor licenses from four to three to preclude plaintiff from playing rock and roll music in his bar. *Reed* 704 F.2d at 947.  The Seventh Circuit affirmed the summary judgment in favor of the Local Liquor Commissioner ruling he was entitled to judicial immunity on the First Amendment claims. Id at 951-52.  The court  also affirmed the summary judgment in favor of President and members of  the Village Board finding they had legislative immunity. Id at 953.

Controlling here is *Reed*'s reversal of the summary judgment in favor of the Village.  The court stated:

> The municipality's liability for such acts [of its policy makers] extends to acts for which the policy-making officials themselves might enjoy absolute immunity because they were legislative or judicial in character. Id at 953.

The Seventh Circuit mandate in *Reed* requires an Order denying the motion to dismiss the claim against the City of Peoria for the deprivation of procedural due process of its policy makers, the

4

Liquor Commissioners ,advised by the Assistant Corporation Counsel in denying Brimstone's application for a liquor license.

### III.
### The Magistrate Judge Erred in Recommending the Dismissal of
### The Liquor Commissioners and Assistant Corporation Counsel
### for Absolute Judicial Immunity

Judge Cudmore read the duties of the City of Peoria Liquor Commissioner in the consideration of a liquor license application to be in the nature of a judicial function and entitled to absolute judicial immunity. Report:PartI,II:7-16. If the City of Peoria Liquor Commissioner were acting under the statutory scheme provided by the Illinois Liquor Control Act – as did the Liquor Commissioners in the cases considered in the Report – then plaintiff would have no quarrel with the Report. Id.

But the City of Peoria is a home rule municipality. *Hoffman v. Board of Fire and Police Commissioners of Peoria*, 86 Ill.App.3d 505, 408 N.E.2d 98 (1980). Illinois home rule municipalities may enact ordinances on matters of local government that conflict with state statutes. *Burgess v. Board of Fire and Police Commissioners of Quincy*, 209 Ill.App.3d 821, 568 N.E.2d 430 (1991).

Plaintiff asserted in its response to the motion to dismiss the unique nature of the City of Peoria home rule liquor ordinance. These assertions – which are set forth below – are consistent with the complaint and must be considered by the court in ruling on a Rule 12 (b)(6) motion to dismiss. *Hrubec v. National Railroad Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992)(a Rule 12 (b)(6) dismissal is reviewed on the allegations of the complaint and any additional matters supplied by memorandum or brief even on appeal); *Stevens v. Umsted*, 131 F.3d 697, 704

(7th Cir. 1997) (affirming *Hrubec* standard).

    1.    In order to give a developer assurance that his investment in a proposed liquor license will be realized, the City of Peoria's liquor ordinances provide for site approval of the location of a liquor license. City of Peoria Code, Ch.3, § 3-92-3-94.

    2.    Once site approval of a liquor licensee is approved by the City Council for the sale of liquor, the Liquor Commissioner must grant the liquor license so long as the applicant meets the general qualifications for the holder of any liquor license. City of Peoria Code, Ch. 3 § 3-96.

    3.    These are the general qualifications for liquor license applicants: (1) the applicant has not been convicted of a disqualifying crime and (2) the specific disclosure, financial, and ownership requirements applicable to all licensees must be met. City of Peoria Code, Ch. 3 § 3-54-56.

On plaintiff's allegations, once site approval has been granted for a liquor license in the City of Peoria, the Liquor Commissioner under the City of Peoria liquor ordinances is performing a ministerial act in approving the liquor license. There is no adversary hearing or presentation of evidence of the type in liquor license revocation proceedings. Judge Cudmore found such an hearing akin to the decision of the Village of Port Byron Liquor Commissioner revoking a liquor license which received judicial immunity. *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). The City of Peoria Liquor Commissioner on these allegations is limited to determining the applicant's general qualifications to hold a liquor license only. On this record, there is no dispute but that Brimstone met those general qualifications..

This is a Rule 12 (b)(6) motion to dismiss. The "courts must follow the norm that a complaint is sufficient if any state of the world consistent with the complaint *could* support relief. *South Austin Coalition v. SBC Communications, Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001).

Immunity is an affirmative defense. Fed.R.Civ.Proc. 8. *Green v. Jones*, 473 F.2d 660 (7th Cir. 1973); 5 Wright & Miller, *Federal Practice and Procedure*, § 1271. A Section 1983 plaintiff is not required to anticipate an affirmative defense of immunity and avoid it in his complaint. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980); *Xechem v. Bristol Myers Squibb Co.*, 372 F.3d 899, 900 (7th Cir. 2004).

The wisdom of this pleading standard is amply demonstrated here. The Corporation Counsel of the City of Peoria – who represents the Liquor Commissioners, Assistant Corporation Counsel, and the City -- knows the City of Peoria ordinances. It was incumbent on the Corporation Counsel to provide authority demonstrating the City Liquor Commissioner could deny a liquor license application for a location where the City Council had given site approval for reasons other than failure to satisfy the general requirement for any liquor license applicant. Since the Corporation Counsel has not done so, he has failed in his burden of establishing it is beyond doubt that plaintiff could prove no set of facts that would entitle it to avoid absolute judicial immunity of the Liquor Commissioners and Assistant Corporation Counsel.

### IV.
### Conclusion

The district court should refuse the Magistrate Judge's recommendation that Brimstone's claims against the Liquor Commissioners --Mayor Ransburg, Deputy Liquor Commissioner Turner, Mayor Ardis – advised in a policy making capacity by Assistant Corporation Counsel Williams for deprivation of procedural due process be dismissed. It is not beyond doubt on the City of Peoria's unique liquor ordinance scheme that plaintiff could not prove the defendants were not subject to judicial immunity for Individual Capacity liability.

The City of Peoria itself has no judicial immunity. If the conduct of its policy makers, Mayor Ransburg, Deputy Liquor Commissioner Turner, and Assistant Corporation Counsel Williams, isa deprivation of Brimstone's property without procedural due process of law, then the City of Peoria is liable under Section 1983. *Reed v. Village of Shoreham*, 704 F.2d 943, 953 (7th Cir. 1983).

      Respectfully submitted,

      s/Richard L. Steagall
      RICHARD L. STEAGALL,
      Attorney for the Plaintiffs

# CERTIFICATE OF SERVICE

      I hereby certify that on **April 30, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Randall P. Ray
Corporate Counsel
City of Peoria
419 Fulton, Suite 207
Peoria, IL 61602

      s/Richard L. Steagall
RICHARD L. STEAGALL
Attorney for the Plaintiff
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602
Tel: (309) 674-6085
Fax: (309) 674-6032
nicsteag@mtco.com