UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRIMSTONE STEAK, INC., <br> f/k/a BBW, INC.. d/b/a ELLIOT'S DINER, <br> BIG BAD WOLF, INC. <br><br> Plaintiff, <br><br> v. <br><br> DAVID RANSBURG, former Mayor & <br> Liquor Commissioner of the City of <br> Peoria, in His Individual Capacity, <br> ERIC TURNER, Deputy Liquor <br> Commissioner of the City of Peoria <br> in His Individual and Official Capacities, <br> JIM ARDIS, present Mayor & Liquor <br> Commissioner of the City of Peoria, <br> in His Individual and Official Capacities, <br> SONNI WILLIAMS, Assistant Corporation <br> Counsel of the City of Peoria, in Her <br> Individual and Official Capacities, and <br> the CITY OF PEORIA, A Political Subdivision <br> of the State of Illinois, <br><br> Defendants. | Case No. 06-1187 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S APRIL 16, 2007 REPORT & RECOMMENDATION**

Now come Defendants, DAVID RANSBURG, ERIC TURNER, JIM ARDIS, SONNI WILLIAMS and CITY OF PEORIA, by their attorney CORPORATION COUNSEL RANDALL RAY, and for their Response to Plaintiffs' Objections to Magistrate Judge's April 16, 2007 Report & Recommendation, state as follows:

Plaintiffs object to the Magistrate's conclusion that the only claims remaining will be Plaintiff's First Amendment and Equal Protection Claims regarding the CITY's alleged unconstitutional policy prohibiting the issuance of the liquor license and an adult use to occupants of the same building. Plaintiffs specifically claim to state a procedural due process claim against the CITY. As the Magistrate's Option states, it is highly questionable whether the

Plaintiffs even have a constitutionally protected property interest in a liquor license application. Even assuming such interest, however, there can be no Section 1983 Claim for deprivation of procedural due process where the Plaintiffs have adequate post deprivation remedies, *Parratt v Taylor,* 451 U.S. 527 (1981). Specifically, in the case of the Illinois Statutory Scheme under the State Liquor Control Act, Plaintiffs had the right to appeal the Order of the Local Liquor Commissioner, 235 ILCS 5/7-9 and, in fact, did so (see attached Exhibits 1 and 2). Furthermore, a party aggrieved by the State Liquor Control Commission's Order may seek rehearing, 235 ILCS 5/7-10 (see Exhibit 2) and the decision of the Liquor Control Commission may then be appealed under the Administrative Review Law, 235 ILCS 5/7-11.

That same statutory scheme illustrates both that the Mayor, as Local Liquor Commissioner, acts in a judicial capacity and that the Mayor is not the final policymaker with regard to issuance of liquor licenses. The question of who is the final policy maker for the CITY OF PEORIA is one of law for the Court to decide by reference to state law. *City of St. Louis v Propotnik*, 485 U.S. 112, 124 (1988).

Ironically, Plaintiffs seek to have the Magistrate's determination of judicial immunity overturned by arguing that the Liquor Commissioner had only a ministerial function. Plaintiffs cannot have it both ways. Either the Liquor Commissioner is a policymaker and was making policy, which could give rise to municipal liability if he were the final policymaker, or he was acting in a ministerial capacity.

The policy of the CITY OF PEORIA is reflected in its ordinances. Section 3-13 provides as follows:

> "Sec. 3-13. Retail sales in buildings containing adult uses.
>
> No license shall be issued for the sale at retail of any alcoholic liquor or beer or wine beverages in a building in which there is a preexisting licensed adult use as defined in sections 18-52 and 18-116; provided that this prohibition shall not apply to the renewal of a license for the sale of alcoholic liquor for a place of business established prior to the taking effect of this section, nor shall this section apply to the issuance of a liquor license to an adult entertainment cabaret as defined in section 18-51."

Additionally, Section 18-53(a)(4), part of the CITY's Adult Use Ordinance, prohibits a sexually oriented use from being located in a building or structure that contains another business that sells or dispenses in some manner alcoholic beverages.

Respectfully submitted,  
David Ransburg, Eric Turner, Jim Ardis,  
Sonni Williams, in their Official Capacities,  
and the City of Peoria, Defendants


By____/s/ *Randall Ray*_____  
       Corporation Counsel

CITY OF PEORIA  
Office of Corporation Counsel  
Randall Ray  #2226  
419 Fulton, Suite 207  
Peoria, IL  61602  
PH:  (309) 494-8592  
Fax:  (309) 494-8559  
email:  rray@ci.peoria.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

      Richard L. Steagall
      Nicorara & Steagall
      416 Main, Suite 815
      Peoria, IL  61602-1103
      PH:  (309) 674-6084
      nicsteag@mtco.com

      Gary L. Morris
      Attorney at Law
      411 Hamilton Blvd., Suite 1512
      Peoria, IL  61602
      glmorris@sbcglobal.net

      */s/ Randall Ray*
      RANDALL RAY
      CORPORATION COUNSEL
      Attorney for Defendants

E-FILED
Monday, 14 May, 2007 01:48:05 PM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS
LIQUOR CONTROL COMMISSION

| | |
|---|---|
| In the Matter of: ) | |
| ) | No.  07 SA 12 |
| Brimstone Steak, Inc. ) | ON THE RECORD |
| d/b/a Elliot's Cabaret Diner ) | |
| 7805 N University ) | |
| Peoria, IL 61614 ) | |

### ORDER

**THIS MATTER** coming to be heard for Oral Argument, all parties being present and/ or represented by counsel and the Commission being fully advised on the premises;

**IT IS HEREBY ORDERED:**

1. The Local Liquor Control Commission proceeded in the manner provided by law.
2. That the decision of the Local Liquor Control Commissioner was supported by the manifest weight of the evidence.
3. The Local Liquor Commissioner's Order dated December 12, 2006, denying the applicant's liquor application, is hereby affirmed.

**THIS IS A FINAL ORDER FOR PURPOSES OF ADMINISTRATIVE REVIEW**

Pursuant to 235 ILCS Sec. 5/7-10 of the Illinois Liquor Control Act, a Petition for Rehearing may be filed with this Commission within twenty (20) days form the service of this Order. The date of mailing is deemed to be the date of service. If the parties wish to pursue an Administrative Review action in the Circuit Court, the Petition for Rehearing must be filed within twenty (20) days after service of this Order as such Petition is a jurisdictional prerequisite to the Administrative Review.

**ENTERED** before the Illinois Liquor Control Commission at Chicago, Illinois, on April 4, 2007.

Daniel J. Downes, Commissioner

Stephen B. Schnorf, Commissioner

John Aguilar, Commissioner

Lillibeth Lopez, Commissioner

**A T T E S T:**

Susan McNulty, Secretary

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

The undersigned certifies that the foregoing ORDER was mailed prepaid certified on April 10, 2007, at the United States Post Office, 100 West Randolph Street, Chicago, Illinois 60601; addressed to the following:

Randall Ray
Corporation Counsel
419 Fulton St, Ste 207
Peoria, IL 61602

_____
Certified Mail No. 7006 2760 0005 1051 2293

Gary L. Morris
Associated Bank Plaza
411 Hamilton
Suite 1512
Peoria, IL 61602

_____
Certified Mail No. 7006 2760 0005 1051 2309

EXHIBIT 2 **E-FILED**
Monday, 14 May, 2007 01:48:54 PM
Clerk, U.S. District Court, ILCD



RECEIVED
MAY 0 1 2007
LEGAL DEPT.

### STATE OF ILLINOIS
### LIQUOR CONTROL COMMISSION

---

IN THE MATTER OF:                    )
                                     )
BRIMSTONE STEAKS, INC., d/b/a        )    Appeal No. 07-SA 12
ELLIOT'S CABARET DINER,              )
7805 North University                )
Peoria, Illinois 61614               )

### PETITION FOR REHEARING

Now comes BRIMSTONE STEAKS, INC., in its own proper person and by and through its attorney, GARY L. MORRIS, and pursuant to 235 ILCS 5/7-10, petitions this Commission for a rehearing in the above-captioned matter. In support of its Petition, BRIMSTONE STEAKS, INC., states as follows:

1.  The Local Liquor Commissioner denied a Class license restaurant with Subclass 1A (2:00 a.m.) and 2 (live entertainment) liquor application filed by BRIMSTONE STEAKS, INC., d/b/a ELLIOT'S CABARET DINER on December 12, 2006.

2.  BRIMSTONE STEAKS, INC. filed a Notice and Petition for Appeal with this commission on January 2, 2007.

3.  On April 4, 2007, the Illinois Liquor Control Commission conducted a hearing on BRIMSTONE STEAKS, INC.'S appeal of the denial by the Local Liquor Control Commission.

4.  The Illinois Liquor Control Commission ordered that the Local Liquor Control Commissioner's Order dated December 12, 2006, denying BRIMSTONE STEAKS, INC.'S liquor application be affirmed.

    5. The Commission's Order of April 4, 2007, is contrary to the manifest weight of the evidence, in that the City of Peoria (1) improperly revoked BRIMSTONE STEAKS, INC.'S site approval and (2) ruled improperly that a liquor license could not be granted to BRIMSTONE STEAKS, INC. since it was located in a building with an adult use, while giving other liquor license applicants a liquor license when they were also located in one building.

    WHEREFORE, Appellant, BRIMSTONE STEAKS, INC., d/b/a ELLIOT'S CABARET DINER, respectfully requests this Commission grant this Petition for Rehearing for the aforementioned reasons.

                                  Respectfully Submitted,
                                  BRIMSTONE STEAKS, INC., d/b/a
                                  ELLIOT'S CABARET DINER

                     BY: _____
                           GARY L. MORRIS

GARY L. MORRIS
Attorney for Appellant
411 Hamilton Blvd., #1512
Peoria, Illinois 61602
(309) 676-1594

**PROOF OF SERVICE**

THERESA R. KULLMAN, secretary for GARY L. MORRIS, on oath, states that on April 30, 2007, she faxed a copy of the attached document to the numbers listed below and mailed a copy of the attached document to RANDALL RAY and ILLINOIS LIQUOR CONTROL COMMISSION, on the 30th day of April, 2007, addressed as follows:

RANDALL RAY
Corporation Counsel
City of Peoria
419 Fulton Street, #207
Peoria, IL 61602
Fax No. 494-8559

ILLINOIS LIQUOR CONTROL COMMISSION
James R. Thompson Center
100 W. Randolph Street, #5-300
Chicago, Illinois 60601
Fax No. 1-312-814-2241

_/s/ Theresa R Kullman_
THERESA R. KULLMAN

Subscribed and Sworn to before me this 30th day of April, 2007.

"OFFICIAL SEAL"
Gary L. Morris
Notary Public, State of Illinois
My Commission Exp. 06/16/2008

_/s/ Gary L Morris_
NOTARY PUBLIC