**E-FILED**
Monday, 04 June, 2007  09:49:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRIMSTONE STEAK, INC., ) <br> f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, ) <br> BIG BAD WOLF, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID RANSBURG, former Mayor & ) <br> Liquor Commissioner of the City of ) <br> Peoria, in His Individual Capacity, ) <br> ERIC TURNER, Deputy Liquor ) <br> Commissioner of the Cit of Peoria ) <br> in His Individual and Official Capacities ) <br> JIM ARDIS, present Mayor & Liquor ) <br> Commissioner of the City of Peoria, ) <br> in His Individual and Official Capacities, ) <br> SONNI WILLIAMS, Assistant ) <br> Corporation Counsel of the City of Peoria, ) <br> in Her Individual and Official Capacities, ) <br> and the CITY OF PEORIA, ) <br> a Political Subdivision of the ) <br> State of Illinois, ) <br> ) <br> Defendants. ) | Case No. 06-1187 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO STRIKE PORTIONS OF DEFENDANTS' RESPONSE TO THEIR
OBJECTIONS TO MAGISTRATE JUDGE'S APRIL 16, 2007
REPORT & RECOMMENDATION**

Now come the Plaintiffs, BRIMSTONE STEAK, INC., f/k/a BBW, Inc., d/b/a Elliot's Diner, BIG BAD WOLF, INC., by RICHARD L. STEAGALL, their attorney, and for Plaintiffs' Memorandum in Support of Their Motion to Strike Portions of Defendants' Response to Plaintiffs' Objections to Magistrate Judge's April 16, 2007 Report & Recommendation state:

# I.
# Background

Plaintiffs have objected to the Magistrate Judge's Recommendation that the procedural due process claim be dismissed for absolute judicial immunity on two grounds. 12:3-7.[1] (1) Any judicial immunity of the individual defendants was personal to them and did not apply to remove the City of Peoria from the claim for deprivation of procedural due process by its policy makers. 12:4-6. discussing *Reed v. Village of Shoreham*, 704 F.2d 9432, 953 (7th Cir. 1983)(holding judicial immunity is a personal defense unavailable to a municipality), (2) The City of Peoria Liquor Commissioners and Assistant Corporation Counsel have no judicial immunity for their refusal to allow amendment of the application for the liquor license under the unique site approval provisions of the City of Peoria liquor ordinance. 12:6-7 .

# II.
# The Additional Material Not in the Record and Contentions Not Made to the Magistrate Judge in Defendants' Motion to Dismiss Contained in Defendants' Response to Plaintiffs' Objections to Magistrate Judge's April 16, 2007 Report & Recommendation Must be Either Stricken or Disregarded in the Ruling on Plaintiffs' Objections

**A.     The District Judge's Review of a Magistrate Judge's Recommendation is Limited to the Matters of Record and Arguments Submitted**

A timely objection to the magistrate judge's report to the district judge is reviewed by the district judge de novo. 28 U.S.C. § 636 (b)(1); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 742 (7th Cir. 1999).

However, a motion hearing before a magistrate judge is not a trial run where the parties are free to add bits and pieces of the record on objection to the district judge after the magistrate

---

[1] "12:3-7" refers to Dckt #12, pp. 3-7. There is a reference to a paragraph number in the complaint, "1:¶20:5-6" which refers to Dckt #1, ¶ 1, pp. 5-6.

judge's recommendation. *Wallace v. Tilley*, 41 F.3d 296, 302-03 (7th Cir. 1994) (affirming district judge's exclusion of deposition tendered after magistrate judge's recommendation for ruling on summary judgment). The failure to object to a magistrate judge's recommendation waives the right to review in the district court and court of appeals of both factual and legal questions. *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739-40 (7th Cir. 1999).

The same rationale for waiver of review of district court decisions by the court of appeals applies to the district judge's review of magistrate judge's recommendations. *Thomas v. Arn*, 474 U.S. 140, 147, 106 S.Ct. 466 (1985). Waiver is applied to prevent litigants from "sandbagging" the magistrate judge by failing to raise a position there and then objecting to the district judge. See 474 U.S. at 147.

> B.  **The Magistrate Judge Limited His Consideration of the Rule 12 (b)(6) Motion to Dismiss to the Complaint as Supplemented by the Statements of Fact in Contained in Plaintiffs' Response to the Motion to Dismiss**

Defendants' memorandum in support of their Rule 12 (b)(6) motion to dismiss included copies of proceedings before Mayor Ransburg acting as Liquor Commissioner and the Illinois Liquor Control Commission reversal of that order and directions to consider plaintiff's amendment. 6:5-9. It also included the Circuit Court of Peoria County, Illinois' dismissal of the City of Peoria's complaint for administrative review as not ripe for review and the City's expression of its intent not to appeal that Order, which made it final. 6:5-9:Ex:A-G. These exhibits were filed in support of the defendants' contention that this federal court exercise *Colorado River* abstention from deciding the procedural due process claim, the First Amendment claim, *and* the equal protection claim which defendants answered. 4; 6:5-9; *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1936 (1976).6:5-9. Of

3

course, abstention is appropriate only where the state proceeding provides complete resolution of the dispute. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 28, n. 37, 102 S.Ct. 927, 943 (1983).

Magistrate Judge Cudmore recommend denial of the motion for a stay or dismissal under *Colorado River* abstention.11:25. Defendants filed no objection to that recommendation or any of the other recommendations in the Report. Review of the recommendation that abstention be denied has been waived. *Johnson v. Zema Systems Corporation*, 170 F.3d at 739-40.

Plaintiffs' response to defendants' motion to dismiss pointed out that defendants conceded the existence of a constitutional protected property interest in site approval under the unique City of Peoria liquor ordinance. 10:6-7. Defendants did not reply to inform the Magistrate Judge of any error in this reading of the motion to dismiss. This accurate statement of the record and the absence of any objection to the existence of a constitutionally protected property interest in the motion papers waived any contention that there was no constitutionally protected property interest. On this record, the site approval for a liquor license at the Brimstone location in a building where an adult use was conducted is a constitutionally protected property interest for purposes of stating the plaintiffs' claim. See *Johnson*, 170 F.3d at 739-40.

    C.    **The City's Claim That the *Parratt v. Taylor* Exception to the Procedural Due Process Requirement of Pre-Deprivation Notice and Hearing Has Been Waived Because it was Not Raised Before the Magistrate Judge**

Magistrate Judge Cudmore recommended dismissal of the procedural due process claim based on his ruling that judicial immunity precludes a procedural due process claim against both the City of Peoria and its officials individually. 11:7-15; 22. Plaintiff objected to the dismissal on those grounds 12:4-5. That is the only matter before this District Judge.

4

Defendants have responded to Plaintiffs' Objections with a contention they did not make before the Magistrate Judge. The procedural due process claim should be dismissed because the proceedings occurring before the City of Peoria Liquor Commissioner and the Illinois Liquor Control Commission establish an adequate post-deprivation remedy, which satisfies procedural due process. 13:2 citing *Parratt v. Taylor*, 451 U.S. 527, 540, 101 S.Ct. 1908 (1981).

Defendants' motion to dismiss referred to the proceedings before the Illinois Liquor Commission and the proceedings to be held again on plaintiff's liquor license application before the City of Peoria Liquor Commissioner. 6:5-9;Ex:A-G.  But that was to support defendants contention that a dismissal or stay under abstention was appropriate. 6:5-9.

The City made no argument that plaintiff had received the procedural due process they were entitled under the Fourteenth Amendment. And there was certainly no mention of the *Parratt v. Taylor* exception to pre-deprivation notice and hearing in the motion to dismiss, memorandum, or Magistrate Judge's Report. 5-6; 11.

This District Judge can not allow the defendants to sandbag plaintiffs and the Magistrate Judge. The *Parratt v. Taylor* contention has been waived and may not be considered by the district judge or the court of appeals. *Wallace v. Tilley*, 41 F.3d 296, 302-03 (7th Cir. 1994); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739-40 (7th Cir. 1999). The waiver of this issue can either be accomplished by a ruling that the contention has been waived or an Order striking that portion of the defendants' response.

This does not deprive defendants of a meritorious defense. The existence of post-deprivation remedies is irrelevant to procedural due process when pre-deprivation of pre-deprivation notice and hearing is practicable. *Parratt*, 451 U.S. at 539-41.  The Supreme Court

held the *Parratt v. Taylor* exception to pre-deprivation for process that is impracticable applies only when pre-deprivation notice and hearing is either unpredictable, impossible, or unauthorized. *Zinermon v. Burch*, 494 U.S. 113, 136-37, 110 S.Ct. 975 (1990). Mayor Ransburg's conduct and the City of Peoria's steadfast refusal to allow plaintiff to receive the liquor license required by the site approval are not unpredictable or unauthorized.  The Mayor acting as City of Peoria Liquor Commissioner has the full authority under state law to conduct the hearing.  It was certainly possible for Mayor Ransburg and the Illinois Liquor Control Commission to set a time for objections, plaintiffs' response to meet any objections, and a hearing on those objections and response.

This is not the random and unauthorized negligent loss of a prisoner's hobby kit, which *Parratt* held did not violate procedural due process because the state provided a post-deprivation tort remedy. 451 U.S. at. 541. Rather, it is directly analogous to the Florida mental health voluntary commitment statute which allowed a voluntary commitment without any determination of the person's competency to voluntarily surrender his liberty, which *Zinermon v. Burch* held was not within the *Parratt v. Taylor* exception to the constitutional requirement of procedural due process. 494 U.S. at 137-38.

> D. **The Exhibits Submitted and the Reliance on Sections 3-13 & 18-53 of the City of Peoria Code in Defendants' Response to Plaintiffs' Objections Must be Stricken or Disregarded in Ruling on Plaintiffs' Objections to the Magistrate Judge's Report as These Were Not Presented to the Magistrate Judge on the Rule 12 (b)(6) Motion to Dismiss**

Defendants filed a Rule 12 (b)(6) motion to dismiss. 5.  They attached exhibits to their memorandum in support of that motion to dismiss referring to the proceedings before the City Liquor Commissioner, the Illinois Liquor Control Commission, and the Circuit Court of Peoria

County. These were submitted to support claim for abstention. 6:5-9:Ex:A-G.

Defendants did not object to the Magistrate Judge's Report and Recommendation conceding that abstention is inappropriate in this action. Their Response to Plaintiffs' Objections to the April 16, 2007 Magistrate Judge Report & Recommendation asserts the new contention that the complaint does not state a claim of procedural due process. 13:2.

Defendants support this belated contention with exhibits, an April 4, 2007 Illinois Liquor Control Commission Order and an April 30, 2007 Petition for Rehearing. Obviously, these were not submitted with the September 6, 2006 motion to dismiss. 13:2:Ex:1-2. Defendants' Response also references two provisions of the City of Peoria ordinances that were unmentioned in their September 6, 2006 motion to dismiss papers. 5, 6. 13:2-3; City of Peoria Code, § 13-3; 18-53.

The exhibits and City Code references may not be considered in ruling on Plaintiffs' Objections to the Magistrate Judge's Report for two reasons. (1) The materials were not before the Magistrate Judge when he ruled on the defendants' September 6, 2006 motion to dismiss. *Wallace v. Tilley*, 41 F.3d 296, 302-03 (7th Cir. 1994) (affirming district judge's exclusion of deposition tendered after magistrate judge's recommendation for ruling on summary judgment).

(2) The materials are not a part of the complaint or plaintiffs' additional allegations contained in their response to the motion to dismiss. The decision on a Rule 12 (b)(6) motion to dismiss is limited to the four corners of the complaint and any additional facts supplied by the plaintiff in a memorandum or even in a brief on appeal. *Palda v. General Dynamics*, 47 F.3d 872, 875 (7th Cir. 1995); *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962 (7th Cir. 1992). A plaintiff is free to plead conclusions of his claim with the factual background sufficient to give the defendants notice of his grievance. *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir.

2000); *Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (2006).

Paragraph 20 of the complaint alleges delay in the hearing on plaintiff's application for a liquor license which is a property right at that stage of proceedings under Illinois law. 1:¶20:7-8. Defendants' Rule 12 (b)(6) motion admits the truth of these allegations. . *Palda*, 47 F.3d at 875.

A motion to dismiss that submits matters outside the complaint can be converted to one for summary judgment and decided on that basis. Fed.R.Civ.Proc. 12 (b)(6). But that requires compliance with Rule 56 procedures and notice of the court's intention to rule on the motion as one for summary judgment. *Air Line Pilots Ass'n v. Dept of Aviation of City of Chicago*, 45 F.3d 1144, 1154 n. 6 (7th Cir. 1995). That can not be done on this record as the motion to dismiss which is being reviewed does not meet the summary judgment movant's burden of pointing to the record which he claims establishes an absence of genuine issue of material fact. *Logan v. Commercial Union Insurance Co.*, 96 F.3d 971, 978 (7th Cir. 1996).

The only purpose of a complaint under notice pleading is to give the defendant notice of "the plaintiff's grievance with a few tidbits that will let the defendant investigate." *Kolupa v. Roselle Park District*, 438 F.3d 713, 714 (7th Cir. 2006).

> Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain ..." should stop and think: What rule of law *requires* a complaint to contain that allegation? Rule 9 (b) has a short list of things that plaintiffs must plead with particularity, but "interception [of a video tape of plaintiff] is not on that list. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

"Plaintiffs need not plead facts; the need not plead law; they plead claims for relief." *Doe*, Id.. Plaintiffs' complaint and the allegation of deprivation of procedural due process in ¶ 20 has done that. 1:¶20:5-6. It can not be said on this record that under no state of the world consistent with these allegations that plaintiff *could* not obtain relief. *South Austin Community Coalition v. SBC*

*Communications, Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001).

## III.
## Conclusion

Motions to strike are disfavored because they are often used for delay. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989). Here the motion to strike is the best means to frame the issue of the defendants' attempt to depart from their waiver of the contention that the complaint did not state a procedural due process claim and its limitation to the record before the Magistrate Judge at the time of the April 16, 2007 Report. The court can either strike the material and contentions not in the record before the Magistrate Judge. Or it can rule that such matters will be disregarded in ruling on Plaintiffs' Objections to the Magistrate Judge's April 16, 2007 Report recommending the procedural due process claims be dismissed for judicial immunity, which is the substance of the motion.

                      Respectfully submitted,

                      s/Richard L. Steagall
                      RICHARD L. STEAGALL,
                      Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

  I hereby certify that on **June 4, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Randall P. Ray
Corporate Counsel
City of Peoria
419 Fulton, Suite 207
Peoria, IL 61602


                 s/Richard L. Steagall


RICHARD L. STEAGALL
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602-1115
Tel:  (309) 674-6085
Fax:  (309) 674-6032
 nicsteag@mtco.com