UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| BRIMSTONE STEAK, INC., <br> f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, <br> BIG BAD WOLF, INC. <br> <br> Plaintiff, <br> <br> v. <br> <br> DAVID RANSBURG, former Mayor & <br> Liquor Commissioner of the City of <br> Peoria, in His Individual Capacity, <br> ERIC TURNER, Deputy Liquor <br> Commissioner of the Cit of Peoria <br> in His Individual and Official Capacities <br> JIM ARDIS, present Mayor & Liquor <br> Commissioner of the City of Peoria, <br> in His Individual and Official Capacities, <br> SONNI WILLIAMS, Assistant <br> Corporation Counsel of the City of Peoria, <br> in Her Individual and Official Capacities, <br> and the CITY OF PEORIA, <br> a Political Subdivision of the <br> State of Illinois, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br> <br> <br> <br> <br> <br> Case No. 06-1187 |

**PLAINTIFFS' MEMORANDUM ON THE SCHEDULE
SET FORTH IN THE DISCOVERY PLAN**

Now comes the Plaintiffs, Brimstone Steak, Inc., f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, Big Bad Wolf, Inc., by RICHARD L. STEAGALL, their attorney, and

1.      Brimstone Steak, Inc. operated a restaurant and formerly had a liquor license for the business in the building at 7805 N. University Street in Peoria. The building was subdivided into a second portion, 7807 N. University in which Big Bad Wolf, Inc. d/b/a Elliott's operated an nude dancing cabaret. Dckt #1:¶ 5, p. 2. The City of Peoria granted site approval for a liquor

license under its unique form of ordinance, but denied Brimstone Steak's liquor license application. 1:¶ 12-13:4-5.

2. Brimstone asserts claims for deprivation of procedural due process, First Amendment protected speech , and a denial of equal protection of the laws due to the favorable treatment given Big Al's the other Peoria nude dancing cabaret. 1:¶ 19-20:7-8. Big Bad Wolf d/b/a Elliott's the nude dancing cabaret next door also asserts a First Amendment claim seeking damages for the denial of business from the absence of a liquor licensee next door. 1:¶ 19:7; ¶ 23:9.

3. The discovery plaintiff requires in this case will be extensive. Big Al's has operated since the 1970s. The origins of the present application of the ordinances and the adjoining tavern in the same building dates to the early 1990s. The records must be obtained, plans examined and witnesses deposed on Big Al's use and the City of Peoria's enforcement of its liquor and adult use ordinances against Big Al's.[1] This is necessary for the equal protection claim.

4. There is also the First Amendment claim. Ordinances addressing adult content itself are subject to strict scrutiny. *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 434, 122 S.Ct. 1728 (2002). Ordinances addressing "negative secondary effects" of sexually oriented are content neutral and subject to intermediate scrutiny. 535 U.S. at 434. An ordinance addressing "secondary effects" is sustained if its serves a substantial governmental interest and alternative avenues of speech remain available. Id citing *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50, 106 S.Ct. 925 (1986).

---

[1]Big Al's is located directly across Main Street from the Federal Building.

5. In a First Amendment adult use case, the government has the burden of showing there is evidence that supports its justification of adverse secondary effects for the restriction on protected expression of nude dancing. *DiMa v. Town of Hallie*, 185 F.3d 823, 829 (7th Cir. 1999). The government must "identify the justifying secondary effects with some particularity, that [it] offer some record support for the existence of those effects, ... ... and that the plaintiffs be afforded some opportunity to offer evidence in support of the allegations of their complaint. *DiMa*, 185 F.3d at 829 quoting *Phillips v. Borough of Keyport*, 107 F.3d 164, 175 (3d Cir. 1997) (en banc).

6. The Tenth Circuit has recently held a court reviewing the question of whether the local legislative body reasonably relied on evidence of adverse secondary effects must exercise its "independent judgment." *Abilene Retail #30, Inc. v. Board of Commissioners of Dickinson County, Alabama*, 492 F.3d 1164, 1175 (10th Cir. 2007). The local government may not rely on "prepackaged secondary effects studies from other jurisdictions to regulate any single sexually oriented business, of any type, in any setting." Id.

7. The City of Peoria is not in the position of the local governments in *DiMa*, *Phillips*, and *Abilene Retail*. It allows – and plaintiffs believe the evidence shows – favors and uses its ordinance enforcement to promote another adult nude dancing cabaret, Big Al's, and the adjoining liquor licensee in the same building to the exclusion of these plaintiffs.

8. Here the secondary effects evidence is not limited to the narrow determination of governmental purpose to resolve the First Amendment claim. It is also relevant and at this stage of the proceeding, plaintiffs counsel, must assume determinative on the equal protection claim.

9. Discovery in the standard First Amendment secondary effects case is extensive

involving expert witnesses who often involved in secondary effects disputes. *Abilene Retail*, 492 F.3d at 1170. A Chattanooga, Tennessee lawyer touts himself as drafting ordinances to restrict adults uses and defending the court challenges. Is Extremism Now Scottsdale's Agenda?, The Arizona Republic, (September 25, 2007) [2] He was involved in the second ordinance considered in *Abilene Retail*. 492 F.3d at 1167. He has also been involved in other such cases. *Daytona Grand, Inc. v. City of Daytona Beach, Florida*, 490 F.3d 860, 862 (11th Cir. 2007); *Andy's Restaurant & Lounge, Inc. v. City of Gary*, 466 F.3d 550, 551 (7th Cir. 2006 A sample preamble for an ordinance restricting nude dancing is available on the Internet.[3]

10. The secondary effects battle here is not limited to the deferential First Amendment review but is the center of the equal protection claim will involve substantial time. The studies referred to in the City of Peoria's most recent ordinance and then plaintiffs must retain an expert witness to do a study to determine for the equal protection claim whether there is any difference in the adverse secondary effect at Big Al's on 317 North Main Street and Elliott's at 7807 N. University Street.

11. It may well be that after discovery done on other issues before addressing the secondary effects issue, plaintiffs and their counsel may conclude the costs of the secondary effects issue exceed the benefits given the other evidence.

12. Plaintiffs' counsel and his clients can not make that decision until the other discovery is done. The court's practice is to make the trial date in the Rule 16 Scheduling Order

---

[2] http://www.azcentral.com/arizonarepublic/northeastvalleyopinions/articles/1217sr-lets171.html

[3] http://www.ccv.org/downloads/pdf/Sample_Local_Public_Nudity_Ordinance.pdf

implacable. That requires the discovery deadline on which that trial date is based also be implacable apart from alterations that do not affect the trial date.

13. The March 23, 2009 discovery completion date is a realistic one and sufficiently aggressive given the complexity of the secondary effects issue.

14. Plaintiffs request the court keep the present schedule or one close to the dates indicated. Plaintiffs' counsel also realizes there is a possibility of a need to amended the complaint, so a deadline of December 17, 2007 should be added.

      Respectfully submitted,

      s/ Richard L. Steagall
      RICHARD L. STEAGALL

| CERTIFICATE OF SERVICE |
|---|

      I hereby certify that on **September 25, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard L. Steagall
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602-1115
Tel: (309) 674-6085
Fax: (309) 674-6032
nicsteag@mtco.com

                                                      s/Richard L. Steagall
                                                      RICHARD L. STEAGALL

RICHARD L. STEAGALL
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602-1115
Tel: (309) 674-6085
Fax: (309) 674-6032
nicsteag@mtco.com