E-FILED
Wednesday, 23 April, 2008 02:07:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRIMSTONE STEAK, INC., f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, BIG BAD WOLF, INC.<br><br>Plaintiffs,<br>v.<br><br>JIM ARDIS, present Mayor & Liquor Commissioner of the City of Peoria, in His Official Capacity, and the CITY OF PEORIA, a Political Subdivision of the State of Illinois,<br><br>Defendants. | Case No. 06-1187 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO DISMISS AMENDED COMPLAINT**

Now come the Plaintiffs, BRIMSTONE STEAK, INC., f/k/a BBW, Inc. d/b/a Elliot's Diner, BIG BAD WOLF, INC., by RICHARD L. STEAGALL, and for Plaintiffs' Response to the Motion to Dismiss Amended Complaint state:

**I.
Statement of Facts**

    A.    **The Original Complaint**

        1.    The Relevant Events Through the Filing of the Complaint

Plaintiff corporations, Brimstone Steak, Inc. and Big Bad Wolf, Inc., filed this action on July 24, 2006. 1. The predecessor of Brimstone Steak, Inc., BBW, Inc., had operated a restaurant known as Elliott's Diner at 7805 & 7807 N. University Street in Peoria, Illinois from August,

2002 to August, 2003. 27:¶:5.[1] The building and lot had been divided into two parcels, 7805 N. University and 7807 N. University separated by a dividing wall. 27:¶ 8.

Prior to that time, a restaurant known as Richard's Uptown had operated at the 7805 N. University Street site with a liquor license and a video store was at the 7807 N. University Street address. *The video store closed and the 7807 N. University Street site was used by Richard's Uptown for banquets.* BBW, Inc. sought to operate an adult cabaret with nude dancing at the two parcels. The City of Peoria granted BBW an adult use permit conditioned on the surrender of the liquor license. 27:¶ 9. *The City Council then passed an October 21, 2003 ordinance precluding the issuance of a liquor license to an adult cabaret that was not in operation at the time of passage. City of Peoria Code.* Ch. 18, § 18-53. 27:18-19: Ex:1.

BBW d/b/a Elliott's Diner sought an adult use permit from the City of Peoria for the 7807 N. University portion of the building. The City of Peoria conditioned the adult use permit on surrender of the liquor license. Big Bad Wolf, Inc. – a separate corporation – obtained the adult cabaret with nude dancing at 7807 N. University Street. 27:9-10.

A site approval was issued to BBW, Inc. for operation of a restaurant serving liquor at the southern part of the building at 7805 N. University Street. This was the site where BBW had operated Elliott's Diner from August, 2002 to August, 2003 where Richard's Uptown had also operated.. 27:¶ 19.  Brimstone Steak, Inc. was incorporated as the successor of BBW, Inc.  On June 24, 2004, Brimstone submitted a liquor license application for the 7805 University parcel, which had site approval for a liquor license. 27:¶ 10.  The application complied with all existing

---

[1] References are to the amended complaint, which repeats the same allegations of the complaint except where noted by italics. 27:1 n.1.

regulations of the City of Peoria Liquor Code and Illinois Liquor Code. Mayor Ransburg acting as Liquor Commissioner denied the application without a hearing and without an opportunity for submission of any deficient materials allowed by the Illinois Liquor Code on July 22, 2004 because Brimstone had an adult use license for the Elliot's cabaret on the north portion of the building.27:¶ 10-11.

### 2. Proceedings on the Original Complaint

Brimstone Steak, Inc., the successor to BBW, Inc. and Big Bad Wolf, Inc. were the party plaintiffs. Brimstone asserted Section 1983 claims for deprivation of the following constitutional rights.

1. Refusing to promptly grant Brimstone the liquor license its predecessor BBW, Inc. had for operation of a restaurant with a liquor license at the 7805 N. University Street location because of Big Bad Wolf's exercise of its First Amendment free speech rights to conduct the adult cabaret with nude dancing at the 7807 N. University property next door. 27:¶ 24.

2. Deprivation of a property right in a liquor license on the 7805 N. University Street property which a site approval for the sale of liquor had been given under Section 3-91-3-99 of the City of Peoria Code without procedural due process of law by delaying the liquor license for the 7805 N. University Street property. 27:¶ 25.

3. Denied Brimstone the liquor license under which BBW operated Elliott's Diner and the previous licensee had operated Richard's Uptown in the southern portion of the building at 7805 N. University and *through such conduct have intentionally* treated Brimstone's application for a liquor license differently from those similarly situated without any rational basis for the differing treatment given Brimstone's application in deprivation of Brimstone's right to equal protection of the laws 24:¶ 26.

Brimstone asserted claims for deprivation of its First Amendment right of association, procedural due process and equal protection. It sought damages and an injunction. 27:¶ 27. Big Bad Wolf sought damages for its lost profits incurred from the denial of its constitutional rights. 27:¶ 28.

The City of Peoria and its officers facing individual capacity claims filed a motion to dismiss. 5-6. That motion to dismiss was exhaustively briefed. 6, 10. It was resolved in an April 16, 2007 Report and Recommendation of Magistrate Judge Cudmore..11.  Plaintiffs objected to portion of the Magistrate Judge's Report under 28 U.S.C. § 636 (b). 12.  Those objections were briefed. 12, 13. District Judge Mihm ruled on the objections in an August 17, 2007 Order. 18. Judge Mihm affirmed the recommended dismissal of the individual capacity claims and the dismissal of the official capacity claims for all but present Mayor/Liquor Commissioner Jim Ardis. 18:13.  He reversed the recommended dismissal of the procedural due process claims ruling the question of whether there was a constitutionally protected property interest be resolved on the evidence. 18:5-7.

The parties presented a Discovery Plan on September 18, 2007. 19, 20.  Magistrate Judge Cudmore approved the schedule to be confirmed in a written Scheduling Order. September 19, 2007 Minute Entry.  Before entry of the Order, he ordered a Supplemental Scheduling Conference. On September 26, 2007, Judge Cudmore entered a Rule 16 Order with shorter dates than originally proposed. 22.

B.    **The January 8, 2008 Amendment to the City of Peoria Adult Use Ordinance**

The Seventh Circuit issued a decision in a controlling case on November 19, 2007. *Joelner v. Village of Washington Park, Illinois*, 508 F.3d 427 (7th Cir. 2007) The Village ordinance precluded liquor licensing of future adult cabarets while allowing existing adult cabarets to sell liquor with nude dancing.  Id at 432. The court held intermediate scrutiny for the elimination of perceived secondary effects of nude dancing did not apply as t municipal purpose was to eliminate competition with existing adult cabarets.  Id at 432-33.

The City of Peoria Corporation Counsel advised the City Council that *Joelner* required amendment to the prohibition of liquor licenses in adult cabarets not in operation after October 23, 2003. 27:Ex:1. The City Council passed the amendment on January 8, 2008. Id. The City and plaintiffs talked about resolution of this case, but no agreement has been reached. 15.

C.     The Amended Complaint

On February 8, 2008, Brimstone and Big Bad Wolf filed an application for site approval of the 7807 N. University Street property for a liquor license. 27:¶ 18 & 19. The January 8, 2008 amendment to Section 18-53 of the City of Peoria Code allowed liquor licenses be granted existing adult cabarets. 27:Ex:1.

Plaintiffs filed an amended complaint on February 20, 2008. 27. The amended complaint was required by the January 8, 2008 amendment to Section 18-53 of the City of Peoria Code. 27:1 n.1. The amended complaint omits the Individual Capacity claims dismissed in Judge Mihm's August 17, 2007 Order. 18:7-12. Otherwise, the amended complaint tracks the exact language of the original complaint sustained against the City of Peoria and Mayor Jim Ardis in his Official Capacity in that Order with one exception. 27:1 n.1. The amended complaint includes an allegation of Brimstone and Big Bad Wolf's application for a liquor license at the 7807 N. University. 27:¶ 30. It alleges the likelihood of delay and denial of this application for a liquor license after the February 19, 2008 preparation of the amended complaint. Id. This is done to support constitutional claims in the event the City of Peoria denies the liquor license sought for the 7807 N. University Street property to Brimstone and Big Bad Wolf.

C.     The Motion to Dismiss Amended Complaint

The City of Peoria and Mayor Ardis have again filed a motion to dismiss. This motion to

5

dismiss contends the amended complaint – which restates the procedural due process claim in the original complaint sustained by the August 17, 2008 Order – does not state a claim for deprivation of procedural due process. Defendants also contend Big Bad Wolf's claims should be dismissed because that corporation has suffered no injury.

## II.
## The Law of the Case Precludes Reconsideration of a Considered Order Denying the Motion to Dismiss Identical Allegations Without Any Intervening Change in Precedent

One year's time was expended in resolving the motion to dismiss the complaint. 1 [July 24, 2006; 18 [August 17, 2008]. The City's amended ordinance on January 8, 2008 required the complaint be amended to reflect the substantial change in circumstances from an ordinance. 27:¶ 16-20; Ex:1. The case now involves damages for the prior ordinance precluding a liquor license on the same constitutional claims asserted in the amended complaint. Plaintiff has also preserved claims on those same constitutional claims in the event the City denies it a liquor license. 27:¶ 18-20; 29-30. It also seeks an injunction against the City of Peoria to preclude amendment of the January 8, 2008 ordinance allowing existing adult cabarets a liquor license. 27:¶ 30. Plaintiffs included this allegation given the City's past shifting positions on the liquor license status of their adult cabaret. The City's response to the liquor license application will determine whether this claim is viable.

The doctrine of law of the case establishes a strong presumption that a ruling made at one stage of the case will be followed throughout the case. *Caisse Nationale De Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1271 (7th Cir. 1996). "Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it." *International Ore & Fertilizer Corp. v. SGS Control Services, Inc.*, 38 F.3d 1279, 1287

(2d Cir. 1994) (affirming Rule 11 sanctions assessed for filing a motion to reconsideration after a magistrate judge's report and full consideration by the district judge). Application of the law of the case to refuse reconsideration of denial of a motion to dismiss. Reconsideration on the actual evidence will occur

The Rule 16 Scheduling Order was altered to meet the three year reporting deadline. The City's amendment of its ordinance and attendant settlement discussions have consumed six months without discovery. Seven months remain in which to complete discovery of 15 witness depositions including experts on urban planning and/or secondary effects of nude dancing and alcohol. There is no reason to expend the limited resources of the plaintiff and the court in a Magistrate Judge's Report on the renewed motion to dismiss and a District Judge Order when the procedural due process claim and Big Bad Wolf's claim will be resolved in a motion for summary judgment on the evidence.

### III.
### The Amended Complaint States a Claim for Procedural Due Process and Big Bad Wolf's Injury From the First Amendment Deprivation

**A.   The Complaint Alleges Deprivation of Property Through Denial of the Application for a Liquor License for Which Site Approval Has Been Given**

The City says the Illinois Liquor Commission has affirmed the denial of the plaintiff's liquor license application. DefsMem:4-5.  A motion to dismiss is limited to the four corners of the complaint. *Palda v. General Dynamics*, 47 F.3d 872, 875 (7th Cir. 1995). The amended complaint alleges review of the plaintiff's application for a liquor license remains before the Illinois Liquor Commission on a petition for rehearing. 27:¶ 15.  That is not the affirmance of denial of the liquor license application the City asserts.

The City says administrative review in the Circuit Court of the ultimate decision of the

Illinois Liquor Commission is a post-deprivation remedy that satisfies procedural due process. Plaintiff claims the deprivation of delay in the hearing granting it the liquor license required by site approval of the City of Peoria ordinances was a denial of procedural due process. :¶:25; ¶ 17. The Seventh Circuit has held delay in reinstating an employee to his supervisory position was a deprivation of the prompt pre-deprivation hearing required by procedural due process. *Sonnleitner v. York*, 304 F.3d 704, 715 (2002). *Sonnleitner* found the existence of the right was sufficiently debatable entitling the individual defendants to receive qualified immunity. If *Sonnleitner* did not clearly establish the right, it makes no difference in plaintiff's claim against the City of Peoria and injunctive relief against Mayor Ardis in his Official Capacity. Municipalities have no qualified immunity. *Owen v. City of Independence, Missouri,*. 445 U.S. 622, 100 S.Ct. 1398 (1980).

*Sonnleitner* establishes plaintiff's claim of delay in giving it the hearing required by procedural due process for the liquor license its site approval required states a claim. "Courts must follow the norm that a complaint is sufficient if any state of the world consistent with the complaint would support relief, it is not necessary that facts or a theory of relief be elaborated." *South Austin Coalition v SBC Communications*, 274 F.3d 1168, 1171 (7th Cir. 2001). 18:5-6 (denying motion to dismiss identical procedural due process claim in original complaint). The complaint states a claim for denial of the prompt hearing required by procedural due process.

    **B.**    **The Question of Whether Site Approval for Liquor Sales Under the Unique City of Peoria Liquor Ordinance is a Constitutionally Protected Property Interest is a Matter for Resolution at Summary Judgment on the Evidence**

The City of Peoria Corporation Counsel is well aware of the operation of its liquor licensing ordinances. He did not contend in the motion to dismiss that site approval for liquor

8

sales is a constitutionally protected property interest. 18:7. The City's newly retained additional counsel asserts a contrary contention on the same allegations in the amended complaint. 32..

Property interests protected by the Fourteenth Amendment "are defined by existing rules or understandings that stem from an independent source such as state law" which give plaintiff a "legitimate claim of entitlement." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701 (1972). The Seventh Circuit has held the holder of an Illinois liquor license has a legitimate claim of entitlement in renewal of that license which is a constitutionally protected property interest protected by the Fourteenth Amendment. *Club Misty, Inc. v. Laski*, 208 F.3d 615, 618 (7th Cir. 2000); *Reed v. Village of Shorewood*, 704 F.2d 943, 949 (7th Cir.1983).

The City cites a Seventh Circuit case holding an applicant for a Wisconsin liquor license has no constitutionally protected property interest. *Bayview-Lofberg's, Inc. v. City of Milwaukee*, 905 F.2d 142 (7th Cir. 1990). DefsMem:6.

The Seventh Circuit has never addressed the question of whether an Illinois liquor license applicant has a constitutionally protected property interest in receiving the license. Then District Judge Williams held an applicant under the Illinois Liquor Code had such a property interest. *Mirshak v. Joyce*, 652 F.Supp. 359, 368 (N.D.Ill. 1987). Here there is more than the provisions of the Illinois Liquor Code providing for application to the Mayor/Liquor Commissioner and review by the Illinois Liquor Commission Judge Williams found conferred a legitimate claim of entitlement to the applicant. *Mirshak*, Id. 235 ILCS 5/4-4 (2004); 235 ILCS 5/7-9 (2004). Here the City of Peoria has exercised its home rule powers to provide for site approval to allow developers to obtain assurance that liquor will be sold at a location before investing money in it. City of Peoria Code Ch. 3 § 3-91-9; *Sip & Save Liquors, Inc. v. Daley*, 275 Ill.App.3d 1009, 657

N.E.2d 1 (1995) (home rule municipalities may legislate liquor by ordinance).

*Plaintiff will prove the custom of the City of Peoria in application of that ordinance is that once site approval is obtained a liquor license will issue for an applicant to sell liquor on the site who meets the requirements of the state statute for issuance of a liquor license.* 235 ILCS 5/6-2 (2004).[2] The site approval is akin to a building permit, which courts have held create a constitutionally protected property interest. *3883 Connecticut LLC v. District of Columbia*, 336 F.3d 1068, 1072-73 (D.C.Cir. 2003) (preliminary building permits under District of Columbia ordinance are property interest);.*Brady v. Town of Colchester*, 863 F.2d 205, 213 (2d Cir. 1988) (issued building permit is property interest under Connecticut law); *Littlefield. v. City of Alton*, 785 F.2d 596, 602-03 (8th Cir. 1986) (issued building permit is property under Minnesota law).

The determination of whether a license or permit is a legitimate claim of entitlement that is a constitutionally protected property interest is the extent of discretion granted a local official to deny the application. *3833 Connecticut LLC*, 336 F.3d at 1072-73. The existence of mandatory statutory language that restricts the discretion of the local official creates a property interest in the application for a license or permit. *Littleton*, 785 F.2d at 600-01.

The extent of discretion of the Mayor Liquor Commissioner and the City of Peoria is a matter to be determined on a full record. Plaintiff can establish a state of the world consistent with the allegations of the complaint that entitles it to relief. *South Austin Coalition v SBC Communications*, 274 F.3d at 1171.

---

[2] Additional matters supplied by plaintiff by affidavit, memorandum, or in a brief on appeal that are consistent with the allegations of the complaint must be considered on a Rule 12 (b)(6) motion to dismiss. *Hentosh v. Herman M. Finch University of Health Sciences/The Chicago Medical School*, 167 F.3d 1170, 1173 n. 3 (7th Cir. 1999). Plaintiff submits this italicized matter for consideration in addition to the allegations of the amended complaint.

      **C.**    **The City and Mayor Ardis Have Waived Their Right to Seek Dismissal of Big Bad Wolf's Claim by Failing to File Objections to the Magistrate Judge's Report Denying That Portion of the Motion as Required by 28 U.S.C. § 636.**

The Report rejected the City contention that Big Bad Wolf has not sufficiently alleged injury in fact necessary for standing;. 11:21. Factual allegations of injury are sufficient to establish standing. The determination of Big Bad Wolf's standing should await a more developed record on summary judgment. 11:21. The City did not object to the Report to bring the matter before the District Judge. 28 U.S.C. § 686. 18:1.

The failure to object to a ruling in a Magistrate Judge's Report waives both factual and legal objections to the ruling for appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990). The amended complaint's incorporates the identical allegations of injury from the deprivation of Big Bad Wolf's constitutional rights contained in the amended complaint. 27:1 n.1; ¶ 28. The City and Mayor Ardis have waived their objection to Big Bad Wolf's claim. That objection may not be considered on appeal or reconsidered by this court.

      **D.**    **Big Bad Wolf Sufficiently Alleges Injury from the Constitutional Deprivations and Certainly Alleges Injury Now That it is an Applicant for a Liquor License Under the January 8, 2008 Amended Ordinance; The Claim is Not Moot as the City of Peoria Has Not Finally Decided its Application for a Liquor License**

General allegations of injury in a complaint are sufficient to state the standing element of the Article III requirement of a case or controversy. 11:21; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130 (1992). The amended complaint contains the same allegations of injury to Big Bad Wolf from deprivation of its constitutional rights. 27:27:1 n.1; ¶ 28.

The January 8, 2008 ordinance removed the ban on liquor licenses to existing that was in the October 21, 2003 ordinance. 27:Part III B:¶ 16-20. Brimstone *and* Big Bad Wolf have sought

site approval for the sale of liquor at the 7807 N. University Street, building where the adult cabaret operates and will seek application for a liquor license after site approval is obtained.. 27:¶ 18.  The amended complaint alleges Big Bad Wolf will suffer damages if the City denies them site approval and liquor license. 27:¶ 30.

The City refers to the City's denial of the Class B liquor license application occurring after the February 20, 2008 filing of the amended complaint. DefsMem:8.  The application for a Class A liquor license remains before the City. Id.  This is a motion to dismiss, which is confined to the four corners of the complaint. *Palda v. General Dynamics*, 47 F.3d 872, 875 (7th Cir. 1995).

A complaint places the defendant on notice of the plaintiff's grievance and is to be freely freely amended actively or constructively as the case develops. *Toth v. USX Corp*. 883 F.2d 1297, 1298 (7th Cir. 1989); *Ash v. Wallenmeyer*, 879 F.2d 272, 274 (7th Cir. 1989)(reversing refusal to allow trial of $137,000 in charges underbilled that was explored in discovery of fraud claim for diversion of $12,000 in revenues).  Plaintiffs are not required to allege a legal theory and the failure to allege a legal theory or alleging an incorrect legal theory is not grounds for dismissal if a legal theory exists on which plaintiff may recover. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).

The complaint gives notice of Brimstone and Big Bad Wolf's claims should the City of Peoria deny its application for a liquor license under the January 8, 2008 ordinance.  The City has not made a final decision on the applications for a liquor license, so plaintiff can not provide any more specificity on that claim.  The City will certainly know when its decision on the applications are final and knows from the complaint plaintiff is claiming a denial of the liquor

license is a deprivation of their constitutional rights. That is all that is required for resolution of those claims on the merits. *Ash*, 879 F.2d at 274.

The City's alternative is protracted pleading contest. If the motion to dismiss is granted, plaintiff will have to come back into court with an amended complaint alleging the City's action on the applications for a liquor license under the January 8, 2008 ordinance. Another motion to dismiss is likely expending more time on the form of the pleadings instead of framing the facts in discovery and resolving the claims on their merits at summary judgment. This is the system of common law pleading of the cause of action the Federal Rules of Civil Procedure reject. *Bartholet*, 953 F.2d at 953 F.2d at 1078.

The City's assumption is that liquor license will be granted which will moot Big Bad Wolf's claims. Time will tell if the assumption is correct. Since Big Bad Wolf has yet to be allowed a liquor license under the January 8, 2008 ordinance, Big Bad Wolf's injury and claims for denial or delay in granting it the license are not presently moot.

## III.
## Conclusion

The fact the City amended its ordinance requiring the filing of an amended complaint is no justification for reconsideration of the denial of the motion to dismiss the identical claims contained in the original complaint. The court must deny the motion to dismiss and let this litigation proceed to a conclusion on the evidence obtained in discovery.

                                              Respectfully submitted,

                                              s/ Richard L. Steagall
                                              RICHARD L. STEAGALL,
                                              Attorney for the Plaintiffs

**CERTIFICATE OF SERVICE**

  I hereby certify that on **April 23, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Mr. Randall P. Ray
Corporation Counsel
City of Peoria
419 Fulton, Suite 207
Peoria, IL 61602
Tel: 309-494-8590
Fax: 309-494-8559
Email: Rray@ci.peoria.il.us

Mr. Thomas G DiCianni
Ancel Glink Diamond Bush Dicianni & Krafthefer PC
140 S Dearborn Street, Suite 600
Chicago, IL 60603
Tel: 312-782-7606
Fax: 312-782-0943
Email: tdicianni@ancelglink.com

Mr. Gregory S Mathews
Ancel Glink Diamond Bush Dicianni & Krafthefer PC
140 S Dearborn Street, Suite 600
Chicago, IL 60603
Tel: 312-782-7606
Fax: 312-782-0943
Email: gmathews@ancelglink.com


                s/ Richard L. Steagall
                RICHARD L. STEAGALL

| | |
|---|---|
| RICHARD L. STEAGALL<br>Nicoara & Steagall<br>416 Main Street, Suite 815<br>Commerce Building<br>Peoria, IL 61602-1103<br>Tel 309-674-6085<br>Fax 309-674-6032<br>E-mail: nicsteag@mtco.com | GARY L. MORRIS<br>Attorney at Law<br>411 Hamilton Boulevard, Suite 1512<br>Peoria, IL 61602<br>Tel 309-676-1594<br>Fax 309-676-7943<br>E-mail:glmorris@sbcglobal.net |