UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRIMSTONE STEAK, INC., <br> f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, <br> BIG BAD WOLF, INC., <br><br>     Plaintiff, <br><br> v. <br><br> DAVID RANSBURG, former Mayor & <br> Liquor Commissioner of the City of <br> Peoria, in His Individual Capacity, <br> ERIC TURNER, Deputy Liquor <br> Commissioner of the City of Peoria, <br> in His Individual and Official Capacities, <br> JIM ARDIS, present Mayor & Liquor <br> Commissioner of the City of Peoria, <br> in His Individual and Official Capacities, <br> SONNI WILLIAMS, Assistant <br> Corporation Counsel of the City of Peoria, <br> in Her Individual and Official Capacities, <br> and the CITY OF PEORIA, <br> a Political Subdivision of the <br> State of Illinois, <br><br>     Defendants. | Case No. 06-1187 <br> Judge Michael Mihm <br> Magistrate Judge Cudmore |

**JOINT MOTION FOR ENTRY OF
CONSENT DECREE**

Now come the Plaintiffs, BRIMSTONE STEAK, INC., f/k/a/BBW, Inc. d/b/a/ Elliot's

Diner, and BIG BAD WOLF, INC., by RICHARD L. STEAGALL, their attorney, and the

Defendants, JIM ARDIS, present Mayor & Liquor Commissioner of the City of Peoria, in His

Official Capacity, and the CITY OF PEORIA, a Political Subdivision of the State of Illinois, by

PAUL N. KELLER and RANDALL P. RAY, their attorneys, and move the Court to enter a

Consent Decree:

1. The parties have reached a settlement of all disputes after mediation with Magistrate Judge Cudmore.

2. The plaintiff corporations and the additional plaintiff corporation to be joined have adopted resolutions approving the settlement agreement. The City of Peoria acting through its City Council has voted to enter into the Settlement Agreement.

3. A true copy of the Settlement Agreement entered into between the parties is attached as Ex:1. Ex:2 is a copy of the proposed Consent Decree, which is also tendered as a Proposed Order.

**WHEREFORE**, the parties pray the Court enter the proposed Consent Decree tendered with this Joint Motion.

Respectfully submitted,

s/Richard L. Steagall
RICHARD L. STEAGALL
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602
Tel: (309) 674-6085
Fax: (309) 674-6032
nicsteag@mtco.com
Attorney for the Plaintiffs

                                              s/ Paul N. Keller
PAUL N. KELLER
Ancel Glink Diamond Bush
Dicianni & Krafthefer PC
140 S Dearborn Street, Suite 600
Chicago , IL 60603
Tel: 312-782-7606
Fax: 312-782-0943
E-mail  pkeller@ancelglink.com
Attorney for the Defendants

s/ Randall P. Ray
RANDALL P. RAY
Corporation Counsel
City of Peoria
419 Fulton, Suite 207
Peoria, IL 61602
Tel: 309-494-8590
Fax: 309-494-8559
Email: Rray@ci.peoria.il.us
Attorney for the Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on **July 31, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Randall P. Ray
Corporation Counsel
City of Peoria
419 Fulton, Suite 207
Peoria, IL 61602
Tel: 309-494-8590
Fax: 309-494-8559
Email: Rray@ci.peoria.il.us

PAUL N. KELLER
Ancel Glink Diamond Bush
Dicianni & Krafthefer PC
140 S Dearborn Street, Suite 600
Chicago , IL 60603
Tel: 312-782-7606
Fax: 312-782-0943
E-mail  pkeller@ancelglink.com

                                                s/ Richard L. Steagall
                                                RICHARD L. STEAGALL

| RICHARD L. STEAGALL | GARY L. MORRIS |
|---|---|
| Nicoara & Steagall | Attorney at Law |
| 416 Main Street, Suite 815 | 411 Hamilton Boulevard, Suite 1512 |
| Commerce Building | Peoria, IL 61602 |
| Peoria, IL 61602-1103 | Tel: (309) 676-1594 |
| Tel: (309) 674-6085 | Fax: (309) 676-7943 |
| Fax: (309) 674-6032 | E-mail:glmorris@sbcglobal.net |
| E-mail: nicsteag@mtco.com | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement is made and entered into between the CITY OF PEORIA, ILLINOIS, an Illinois municipal corporation ("City of Peoria") and BRIMSTONE STEAK, INC. ("Brimstone", BIG BAD WOLF, INC. ("Big Bad Wolf"), and ELLIOTT'S BBW, INC.("Elliott's BBW") on **July 22, 2008**; WHEREAS:

## I.
### Preamble

1.  Brimstone and Big Bad Wolf are in litigation against the City of Peoria, Illinois and certain of its officers and has an application for site approval for a liquor license in the following proceedings:

    A.  *Brimstone Steak, Inc. v. City of Peoria.*, Illinois Liquor Control Commission, Case No. 07-SA-12.

    B.  *Brimstone Steak, Inc f/k/a/ BBW, Inc. D/b/a/ Elliot's Diner and Big Bad Wolf, Inc., Plaintiffs v. David Ransburg, former Mayor & Liquor Commissioner of the City of Peoria, in His Individual Capacity, Eric Turner, Deputy Liquor Commissioner of the Cit of Peoria in His Individual and Official Capacities Jim Ardis, present Mayor & Liquor Commissioner of the City of Peoria, in His Individual and Official Capacities, Sonni Williams, Assistant Corporation Counsel of the City of Peoria, in Her Individual and Official Capacities, and the City of Peoria, a Political Subdivision of the State of Illinois, Defendants* in the United States District Court for the Central District of Illinois, Peoria Division, Case No. 06-1187.

    C.  *In the Matter of Site Approval for 7807 N. University Street, Peoria, IL 61614*, which is pending before the City Council of Peoria, Illinois.

2.  The litigation between the parties involves the north and south sides of a divided building located at 7805-7807 N. University, Peoria, IL 61614.

    A.  Big Bad Wolf operates an adult cabaret under a license with the City of Peoria featuring nude dancing at the north side of the building at 7807 N. University.

B. Brimstone has made an application of a liquor license at 7805 N. University which is pending on a petition for rehearing before the Illinois Liquor Control Commission.

C. Brimstone and Big Bad Wolf are plaintiffs in the pending federal lawsuit brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 asserting the City of Peoria's refusal to grant a liquor license to Brimstone for the 7805 N. University premises and Big Bad Wolf and Brimstone for both the 7805 and 7807 N. University premises is a deprivation of the corporation's rights of free speech under the First Amendment, procedural due process of laws under the Fourteenth Amendment, and equal protection of the laws under the Fourteenth Amendment.

D. The City of Peoria denies the allegations in the Illinois Liquor Commission proceeding and in the federal action and seeks a judgment in each action dismissing the claims of Brimstone and Big Bad Wolf with prejudice.

E. The City of Peoria passed a January 8, 2008 amendment to Section 18-53 of the City of Peoria Code which repealed the earlier prohibition against issuance of a liquor license to holders of adult cabaret licenses that did not have a liquor license and allowed holders of adult cabaret licenses that did not have a liquor license to hold a license upon compliance all other requirements of the ordinances and laws.[1]

F. Brimstone and BBW sought site approval for a Class B liquor license at the 7805-7807 N. University properties which was denied by the City Council of Peoria. Brimstone and BBW then sought site approval for a Class A liquor license which application was refused by the City of Peoria Liquor Commission. That application for a Class A liquor license is now pending before the City Council of Peoria.

3. Elliott's BBW, Inc. is a newly formed corporation organized by the shareholders of Brimstone and BBW to succeed to those corporations' interests and to conduct business at 7805-7807 N. University. It is a party to this agreement as successor to Brimstone and BBW which corporations will be dissolved after implementation of this agreement.

4. Brimstone, BBW, and Elliott's BBW acknowledge that the claim for a liquor license for the north portion of the building, 7807 N. University, and the south portion of the

---

[1] This is a general description of the ordinance which is not intended to conflict with the terms of the ordinance itself which controls in the event there is any conflict with this description.

building, 7805 N. University under the Constitution of the United States, federal, state, and local law is doubtful and disputed and the City of Peoria denies liability or any obligation to grant such a liquor licenses at those property.

5. The parties desire to settle all disputes existing between them to compromise the doubtful and disputed claims, bring the disputes existing between them over the use of the 7805-7807 N. University Street properties to a close, and buy their peace from further litigation.

6. The City of Peoria denies any liability for any of the claims made by Brimstone and BBW and continues to deny such liability. This Settlement Agreement is a compromise of doubtful and disputed claims and not to be construed as an admission of liability for anything other than the obligations of this Settlement Agreement.

7. This Settlement Agreement is made with the approval of the officers and directors of Brimstone, BBW, and Elliott's BBW and by a resolution of the City Council of Peoria approving this Settlement Agreement and authorizing the City of Peoria's officers and agents to do the acts necessary to perform the obligations.

**NOW THEREFORE**, in consideration of the foregoing and the following mutual covenants, the parties agree as follows:

## II.
## Covenants

1. The City of Peoria will forthwith issue site approval for the north side of the property, 7807 North University, Peoria, IL 61614, for a Class A liquor license with Subclass (1a) and Subclass (2) endorsements (closing hours of 1:00 a.m. Monday-Wednesday and 2:00 a.m. Thursday-Saturday.) An application for a liquor license that meets the requirements for liquor licenses of general application will be submitted to the City, and the City will expedite the granting of the license to Elliott's BBW.

2. The City of Peoria will not, for a period of ten (10) years, amend the present version of Section 18-53 of the City of Peoria Code to deny the continued operation of the adult cabaret with a liquor license at 7807 N. University Street location by Elliott's BBW or its successor.

3. The site approval and, upon application, grant of a liquor license to the 7807 N. University Street premises shall be granted without delay and shall not be withdrawn or altered except that Elliott's BBW may apply for a different site approval and a different class of liquor license after expiration of ten years on July 8, 2018 or thereafter.

4. The adult cabaret license for adult sexually oriented activities at 7807 N. University Street is now held by Big Bad Wolf, Inc. That adult cabaret license will be transferred to Elliott's BBW upon application and continue in effect in accordance with the terms of this agreement.

5. The provisions of ¶ 2-4 do not restrict, in any way, the City of Peoria's ability to enforce the regulations of general application for operation of liquor licensees and for adult cabarets.

6. Neither a liquor license or a sexually oriented adult use license will be sought for the south part of the building, 7805 N. University Street, by Elliott's BBW or its successors or assigns for a period of ten years from the date of this agreement, such period expiring on July 8, 2018. This covenant is binding on all successors of Brimstone, Big Bad Wolf, and Elliott's BBW and any conveyance of real estate shall include this obligation so that the obligation will be binding on future grantees of the real estate in that this covenant shall run with the land at 7805 N. University Street.

7. The City acknowledges Elliott's BBW will seek a restaurant license for operation of a restaurant at 7805 N. University Street from the Peoria City/County Health Department, no

City license is required for operation of a restaurant and so long as the use complies with the Health Department requirements, and the kitchen in the restaurant at 7805 N. University Street may be used to provide food service to the adult cabaret with liquor license at 7807 N. University Street.

8. There is presently a pole sign located at 7807 N. University Street that is oversized and is a legal, nonconforming use under the City of Peoria sign ordinance Appendix B, Section 17. The present sign will not be altered and continue to show the hours of operation. Elliott's BBW understands that any improvements or alterations to that sign must comply with the City of Peoria sign ordinance identified above. The premises at 7807 N. University will continue to be marked on the building with a sign "Elliott's" with no indication of the activities being conducted in the building.

9. The City will pay the sum of $50,000 to Elliott's BBW, Inc. and Richard L. Steagall, its attorney, in full satisfaction of the claim for attorney's fees, which is the entire monetary consideration for this agreement.

10. Brimstone, BBW, and Elliott's BBW, their officers, agents, successors, and assigns release, acquit, and forever discharge the City of Peoria, Illinois and its present and former officers and agents for any and all claims arising out of the use of the premises at 7805 N. University Street and 7807 N. University Street, Peoria, IL 61614 in the period from August 2002 to the present raised in the complaint and amended complaint filed in *Brimstone Steak, Inc. et al v. City of Peoria et al*, U.S. District Court, Central District of Illinois, Case No. 06-1197, or which could have been raised, and *Brimstone Steak, Inc. v. City of Peoria.*, Illinois Liquor Control Commission, Case No. 07-SA-12, and agree to dismiss that case with prejudice.

11. Brimstone, BBW, and Elliott's BBW agree to execute the necessary documents and make such applications as necessary to complete this agreement and that this Settlement

Agreement is binding on their directors, officers, shareholders, predecessors, successors, and assigns.

12. Brimstone, BBW, and Elliott's BBW and the City of Peoria agree that this Settlement Agreement shall be filed with the United States District Court, Central District of Illinois in Case No. 06-1187.

13. Brimstone, BBW, and Elliott's BBW and the City of Peoria agree the United States District Court for the Central District of Illinois shall retain jurisdiction of Case No. 07-1296 to enforce the terms of this settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994). They further agree the action shall be concluded by entry of a Consent Decree in the form attached subject to court approval.

14. The City of Peoria will place approval of this Settlement Agreement on the agenda for the City Council meeting of July 8, 2008, or at the first meeting thereafter when no Council Members are expected to be absent, for vote of approval. Brimstone, Big Bad Wolf, and Elliott's BBW represent that each of them has adopted a corporate resolution authorizing Fred Jackson, an officer of the corporations to sign this Settlement Agreement for the corporations and bind the corporations to its terms.

15. Following adoption of a Resolution by the City Council approving this Settlement Agreement, the City Manager of Peoria shall sign this Settlement Agreement on its behalf. The Settlement Agreement will be signed on behalf of Brimstone, Big Bad Wolf, and Elliott's BBW by its officer Fred Jackson.

16. The Settlement Agreement will be electronically filed with the U.S. District Court, the parties agree that signature on the Agreement shall be made s/   Name of signatory in the form used by that court for filings and that such signature shall have the same effect as if a handwritten signature were made.

17. The parties agree this Settlement Agreement was reached on the advice of their counsel, the terms are the sole consideration for the Agreement, the Agreement and its terms are contractual and not a recital and that all agreements and understandings between the parties are contained in this document apart from the Agreed Motion for Entry of Consent Decree to be filed with the U.S. District Court in a form agreeable by the attorneys for the parties and the City of Peoria check making payment of the amount agreed upon.

Signed this **30th** day of **July, 2008** at Peoria, Illinois.

        Brimstone Steak, Inc. f/k/a BBW, Inc.

        s/ Fred Jackson
        Its Secretary

        Big Bad Wolf, Inc.

        s/ Fred Jackson
        Its Secretary

        Elliott's BBW, Inc.

        s/ Fred Jackson
        Its Secretary

        City of Peoria, Illinois, an Illinois
        Local Governmental Entity

        s/ Henry Holling
        Its Acting City Manager

        Approved
        Legal Department

        By: s/ Randall Ray

Z:\Shared Data\RLS\Brimstone SETTLEMENT AGREEMENT final 7-29-08 (1).wpd

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRIMSTONE STEAK, INC., ) <br> f/k/a/BBW, Inc. d/b/a/ Elliot's Diner, ) <br> BIG BAD WOLF, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID RANSBURG, former Mayor & ) <br> Liquor Commissioner of the City of ) <br> Peoria, in His Individual Capacity, ) <br> ERIC TURNER, Deputy Liquor ) <br> Commissioner of the City of Peoria ) <br> in His Individual and Official Capacities ) <br> JIM ARDIS, present Mayor & Liquor ) <br> Commissioner of the City of Peoria, ) <br> in His Individual and Official Capacities, ) <br> SONNI WILLIAMS, Assistant ) <br> Corporation Counsel of the City of Peoria, ) <br> in Her Individual and Official Capacities, ) <br> and the CITY OF PEORIA, ) <br> a Political Subdivision of the ) <br> State of Illinois, ) <br> ) <br> Defendants. ) | Case No. 06-1187 <br> Judge Michael Mihm <br> Magistrate Judge Byron R. Cudmore |

## CONSENT DECREE

This matter has come before the Court on the Joint Motion for Entry of Consent Decree with the Settlement Agreement entered into by the parties attached as an Exhibit. The Court has the Joint Motion and the Settlement Agreement finds:

1. The parties through mediation conducted by Magistrate Judge Byron Cudmore have reached a settlement of the disputes between them.

2. The officers, directors, and shareholders of the plaintiff corporations, Brimstone Steak, Inc. and Big Bad Wolf, Inc., have formed a successor corporation, Elliott's

        BBW, Inc., which is a party to the Settlement Agreement and will succeed to the interests of the plaintiff corporations.

3.      It is necessary that Elliott's BBW be a party to this action for enforcement of the Settlement Agreement. Plaintiff has filed a consent motion for joinder of Elliott's BBW, Inc. as a party plaintiff. Joinder of Elliott's BBW is appropriate under Rule 19 (a) of the Federal Rules of Civil Procedure, which requires joinder of all parties necessary to providing complete relief.

4.      The Settlement Agreement should be approved and the Consent Decree that is a part of that agreement entered obligating the parties to certain conduct in the future should be entered. The court will retain jurisdiction to enforce the terms of the Settlement Agreement and Consent Decree. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994)

IT IS THEREFORE ORDERED:

1.      The Settlement Agreement entered into by the parties is approved.

2.      The Consent Motion to Join Elliott's BBW, Inc. as a party plaintiff is granted. The Clerk shall make the necessary changes to the docket to reflect Elliott's BBW, Inc. is joined as a party plaintiff in this action.

3.      The City of Peoria will forthwith issue site approval for the north side of the property, 7807 North University, Peoria, IL 61614, and, upon receipt of an application, will issue a Class A liquor license with a Subclass (1a) and Subclass (2) endorsement (closing hours of 1:00 a.m. Monday-Wednesday and 2:00 a.m. Thursday-Saturday) to Elliott's BBW. Plaintiffs will forthwith move for dismissal of the action now pending on motion for reconsideration before the Illinois Liquor Control Commission, *Brimstone Steak, Inc. v City of Peoria,* Case No. 07-SA-12.

4. The parties are directed to promptly perform the obligations imposed on them under the Settlement Agreement.

5. This action is dismissed with prejudice subject to the court's retention of jurisdiction to enforce the obligations of the parties to be performed in the future that are a part of the Settlement Agreement should any dispute arise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994).

ENTER: _____

_____
MICHAEL M. MIHM
United States District Judge